UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x

LOUIS PSIHOYOS,                                    :     1:11-cv-01416 (JSR)

                                                   :

                          Plaintiff,               :     ECF Case

              -against-                            :

JOHN WILEY & SONS, INC.,                           :

                                                   :

                          Defendant.               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x


**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**


Robert Penchina (RP-5866)
Christopher P. Beall (CB-4590)
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
321 W. 44th Street, Suite 510
New York, NY 10036
(212) 850-1100


Ashima Aggarwal, Esq.
Joseph J. Barker, Esq.
JOHN WILEY & SONS, INC.
111 River Street
Hoboken, NJ 07030
(201) 748-7862

*Attorneys for Defendant John Wiley & Sons, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

      A.    "Narcoleptic Dog" ............................................................................... 3

      B.    "Dinamation exhibit at the Museum of Natural History, Cincinnati, OH" ............ 4

      C.    "8-foot long nesting dinosaur wrapped around at least 20 eggs" ............................ 4

      D.    "Fossilized dinosaur tracks" ................................................................. 5

      E.    "A Collection of Gastroliths" .................................................................. 5

      F.    "500 Televisions in the Information Age" ............................................... 6

      G.    "Enormous Triceratops Skeleton" ......................................................... 6

LEGAL STANDARD ......................................................................................................... 6

ARGUMENT ..................................................................................................................... 7

I.    PLAINTIFF HAS FAILED TO STATE A VALID COPYRIGHT
    INFRINGEMENT CLAIM .......................................................................................... 7

      A.    Registration Is A Prerequisite
            For A Copyright Infringement Claim ..................................................... 8

      B.    Plaintiff Has Not Established Valid Copyright
            Registrations For Five Of The Works At Issue ....................................... 9

      C.    Plaintiff Has Not Established Unauthorized Copying ........................... 13

II.    DAMAGES, IF ANY, WOULD BE LIMITED AS A MATTER OF LAW ................. 15

      A.    Statutory Damages Are Not Available For
            Photographs Registered After Wiley's First Use .................................. 15

      B.    Plaintiff's Claims Are Partially
            Barred By The Statute of Limitations ................................................... 17

      C.    Plaintiff Has No Evidence Of Willful Infringement .............................. 18

CONCLUSION ................................................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)................................................................................................6

*Auscape International v. National Geographic Society*,
   409 F. Supp. 2d 235 (S.D.N.Y. 2004)................................................................17, 18

*Bean v. John Wiley & Sons, Inc.*,
   No. 11-8028, 2011 WL 3348959 (D. Ariz. Aug. 3, 2011)........................................13

*Burt Rigid Box, Inc. v. Travelers Property Casualty Corp.*,
   302 F.3d 83 (2d Cir. 2002)........................................................................................7

*Castle Rock Entertainment, Inc. v. Carol Publishing Group, Inc.*,
   150 F.3d 132 (1998)................................................................................................13

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)...............................................................................................6, 7

*Davis v. Blige*,
   505 F.3d 90 (2d Cir. 2007)......................................................................................14

*Digital Filing Systems, L.L.C. v. Agarwal*,
   No. 03-70437, 2005 WL 1702954 (E.D. Mich. July 20, 2005).........................19, 20

*EZ-Tixz, Inc. v. Hit-Tix, Inc.*,
   919 F. Supp. 728 (S.D.N.Y. 1996) ..........................................................................16

*Feist Publications, Inc. v. Rural Telephone Service Co.*,
   499 U.S. 340 (1991)..................................................................................................7

*Fournier v. McCann Erickson*,
   202 F. Supp. 2d 290 (S.D.N.Y. 2002)......................................................................16

*Graham v. James*,
   144 F.3d 229 (2d Cir. 1998)........................................................................13, 14, 15

*Haas v. Delaware & Hudson Railway Co.*,
   282 F. App'x 84 (2d Cir. 2008) .................................................................................9

*Hotaling v. Church of Jesus Christ of Latter-Day Saints*,
   118 F.3d 199 (4th Cir. 1997) ...................................................................................17

*Island Software & Computer Service, Inc. v. Microsoft Corp.*,
   413 F.3d 257 (2d Cir. 2005).....................................................................................19

*Jorgensen v. Epic/Sony Records*,
  351 F.3d 46 (2d Cir. 2003)..............................................................................................7, 13

*Kerr v. New Yorker Magazine, Inc.*,
  63 F. Supp. 2d 320 (S.D.N.Y. 1999)........................................................................................14

*Lipton v. Nature Co.*,
  71 F.3d 464 (2d Cir. 1995)..............................................................................................18, 19

*Marketing Technology Solutions, Inc. v. Medizine LLC*,
  No. 09-8122, 2010 WL 2034404 (S.D.N.Y. May 18, 2010) ...................................................8

*Marvel Entertainment, Inc. v. Kellytoy (USA), Inc.*,
  769 F. Supp. 2d 520 (S.D.N.Y. 2011)......................................................................................7

*Momentum Luggage & Leisure Bags v. Jansport, Inc.*,
  No. 00-7909, 2001 WL 830667 (S.D.N.Y. July 23, 2001), *aff'd*, 45 F. App'x 42 (2d
  Cir. 2002) ................................................................................................................................18

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Publishing Co.*,
  712 F. Supp. 2d 84 (S.D.N.Y. 2010)..........................................................................7, 8, 9, 13

*Nihon Keizai Shimbun, Inc. v. Comline Business Data, Inc.*,
  166 F.3d 65 (2d Cir. 1999)........................................................................................................7

*Nora Beverages, Inc. v. Perrier Group of America, Inc.*,
  269 F.3d 114 (2d Cir. 2001)....................................................................................................18

*Reed Elsivier, Inc. v. Muchnick*,
  130 S. Ct. 1237 (2010)..............................................................................................................8

*Resource Developers, Inc. v. Statue of Liberty-Ellis Island Foundation, Inc.*,
  926 F.2d 134 (2d Cir.1991).....................................................................................................18

*Ringling Brothers-Barnum & Bailey Combined Shows, Inc. v. B.E. Windows Corp.*,
  969 F. Supp. 901 (S.D.N.Y. 1997) .........................................................................................18

*Roberts v. Keith*,
  No. 04-10079, 2006 WL 547252 (S.D.N.Y. Mar. 7, 2006)....................................................17

*Schiffer Publishing, Ltd. v. Chronicle Books, LLC*,
  No. 03-4962, 2005 WL 67077 (E.D. Pa. Jan. 11, 2005).........................................................19

*Stone v. Williams*,
  970 F.2d 1043 (2d Cir. 1992)..................................................................................................17

*TI Training Corp. v. FAAC, Inc.*,
  No. 09-00973, 2010 WL 2490535 (D. Colo. Jun 15, 2010) .....................................................8

iii

*Troll Co. v. Uneeda Doll Co.*,
    483 F.3d 150 (2d Cir. 2007)..................................................................................16

*TRW, Inc. v. Andrews*,
    534 U.S. 19 (2001).............................................................................................17

*Underpinning & Foundation Skanska, Inc. v. Travelers Casualty & Surety Co.*,
    726 F. Supp. 2d 339 (S.D.N.Y. 2010)...................................................................9

*Whimsicality, Inc. v. Rubie's Costume Co.*,
    891 F.2d 452 (2d Cir. 1989)..................................................................................8

*Williams v. Smith*,
    781 F.2d 319 (2d Cir. 1986)..................................................................................7

## STATUTES AND RULES

17 U.S.C. § 106......................................................................................................7

17 U.S.C. § 409....................................................................................................13

17 U.S.C. § 411......................................................................................................8

17 U.S.C. § 412................................................................................................15, 16

17 U.S.C. § 504....................................................................................................19

17 U.S.C. § 507....................................................................................................17

Fed. R. Civ. P. 37(c)(1)...........................................................................................9

Fed. R. Civ. P. 56(a)..............................................................................................6

Defendant John Wiley & Sons, Inc. ("Wiley"), hereby respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b):

## INTRODUCTION

This case involves one claim of copyright infringement by the plaintiff Louis Psihoyos ("Psihoyos") with respect to eight photographs identified in the Complaint, that allegedly were published without authorization by Wiley in nine different books. Wiley is entitled to judgment as a matter of law with respect to the entirety of Psihoyos' copyright infringement claim because, as further discussed below: (1) two of the photos pleaded by Psihoyos were not used by Wiley in the books that the plaintiff has cited, (2) another of the photos pleaded by Psihoyos was licensed to Wiley by Psihoyos' licensing agent Science Faction, and (3) the five remaining photos pleaded by Psihoyos are not covered by any valid and enforceable copyright registrations owned by Psihoyos. In light of these considerations, Psihoyos has no evidence to support either the elements of ownership of a valid copyright registration or unauthorized use by the defendant.

In addition and separate from the question of liability for infringement, to the extent the Court concludes that any theories of copyright infringement based on any of Psihoyos' eight photos remain viable, Wiley is nevertheless entitled to judgment as a matter of law as to any claim for statutory damages or attorney's fees under 17 U.S.C. § 412 because no putative copyright registration covering the photos actually used by Wiley was obtained prior to Wiley's publication of the books at issue. In addition, under the applicable statute of limitations at 17 U.S.C. § 507(b), Psihoyos may not recover any damages for any use by Wiley of the photos at issue in this case prior to May 1, 2008. And finally, Psihoyos has failed to come forward with any evidence supporting his request for enhanced statutory damages, even were his claims

eligible for statutory damages, which they are not, based on a finding of willful infringement by Wiley.

## STATEMENT OF FACTS

Wiley is a 204 year-old-publisher of textbooks, professional and trade books, and scholarly journals, who prior to the dispute in this matter had licensed photos from Psihoyos for use in its books.  (Declaration of Ashima Aggarwal ("Aggarwal Decl.") ¶¶ 3-4.)

In this case, Psihoyos has alleged the Wiley used some of his photos without authorization in the following titles:

(1) *Psychology in Action 8th Edition* (published December 14, 2005),

(2) *Psychology in Action 9th Edition* (published November 4, 2008),

(3) *Visualizing Psychology 1st Edition* (published January 9, 2007),

(4) *Visualizing Psychology 2nd Edition* (published October 5, 2009),

(5) *Visualizing Geology 1st Edition* (published January 16, 2007),

(6) *Visualizing Geology 2nd Edition* (published February 5, 2009),[1]

(7) *Visualizing Earth Science 1st Edition* (published December 12, 2008),

(8) *Visualizing Earth History 1st Edition* (published October 6, 2008), and

(9) *Physics 8th Edition by Cutnell* (published December 17, 2008).

(*Id.* ¶ 4.)

---

[1] In his Complaint, the Plaintiff mistakenly identifies the title "*Visualizing Geology 2nd Edition*" as, instead, "*Visualizing Geography 2e*." (Doc. #1, Complaint ("Compl."), ¶¶ 17, 18.) Wiley has not published a book with the title *Visualizing Geography*. (Aggarwal Decl., ¶¶ 4, 13.)  Rather, that title was mistakenly listed by Wiley in its pre-lititgation disclosures to Psihoyos.  (*Id.*)  The correct title to be included in this list is "*Visualizing Geology 2nd Edition.*" (*Id.*)

2

In connection with those books, Psihoyos has alleged unauthorized use by Wiley of eight photos.  (Compl., ¶¶ 4-27.)  The following summaries, in the sequence of the photos as described in the Complaint, detail the status of each of the eight photos at issue in this case:



**A. "Narcoleptic Dog":**

The pair of "Narcoleptic Dog" photos of Dr. William Dement shown above appear in the following four titles at issue in this case:  *Psychology in Action 8e*, *Psychology in Action 9e*, *Visualizing Psychology 1e*, and *Visualizing Psychology 2e*. (Aggarwal Decl., ¶¶ 4-8 & Exs. 1-4; *see also* Compl., ¶¶ 4-12.)  These photos, however, are different from the portraits of Dr. Dement published by National Geographic in the article for which Psihoyos has alleged ownership of a copyright registration.  (Aggarwal Decl., ¶ 15 & Ex. 9.)  That copyright registration, VA 0-000-888-303, covers the Psihoyos photos in the December 1987 article "What is this thing called sleep?" by Michael E. Long.  (*Id.* ¶¶ 15, 20 & Exs. 9, 13; *see also* Compl., ¶ 30.)   At his deposition in this case, Psihoyos admitted that the photos covered by registration number VA 0-000-888-303 are not the same photos as those published by Wiley in the books at issue here. (Aggarwal Decl., Ex. 20 (Psihoyos Dep., 22:9-25:2).)

**B. "Dinamation exhibit at the Museum of Natural History, Cincinnati, OH":**

The photo shown here taken at the "Dinamation" exhibit at Cincinnati's Museum of Natural History, depicting a man in the jaws of a tyrannosaurus rex, was published by Wiley in the following three titles: *Visualizing Geology 1e*, *Visualizing Geology 2e*, *Visualizing Earth Science 1e*. (*See* Aggarwal Decl., ¶¶ 4, 9, 10, 11 & Exs. 5, 6; *see also* Compl., ¶¶ 13-20.) In his deposition, Psihoyos contended that this photo is covered by a copyright registration secured by the photo agency Corbis, but he has no actual personal knowledge of any such registration, and he cannot produce any documentation showing that Corbis actually did obtain a copyright registration in his name for this photo. (Aggarwal Decl., Ex. 20 (Psihoyos Dep. 51:24-54:19).) Psihoyos has produced no evidence otherwise demonstrating that the "Dinamation" photo is covered by any copyright registration, let alone one in his name that is valid and enforceable. (Aggarwal Decl., ¶¶ 21, 26-30.)



**C. "8-foot long nesting dinosaur wrapped around at least 20 eggs":**

The photo of a fossilized nest of an oviraptor skeleton encircling more than 20 eggs was published by Wiley in the following three titles: *Visualizing Earth Science 1e*, *Visualizing Geology 1e*, and *Visualizing Geology 2e*. (*See* Aggarwal Decl., ¶¶ 4, 9, 10, 11 & Exs. 5, 6; *see also* Compl., ¶¶ 13-20.) This photo did not appear in the *National Geographic* article for which Psihoyos has alleged his ownership of a copyright registration. (Aggarwal Decl., ¶ 16.) That copyright registration, VA 0-000-888-299, covers the photos in the May 1986 article "The great

dinosaur egg hunt" by Philip J. Currie.  (*Id.* ¶¶ 16, 22 & Ex. 14; *see also* Compl. ¶ 29.)  Plaintiff admitted at his deposition that the photos covered by registration number VA 0-000-888-299 do not include the photo published by Wiley in the books at issue in this case.  (Aggarwal Decl., ¶¶ 28-30 & Ex. 20 (Psihoyos Dep., 59:16-62:16).)  In addition, the photo published by Wiley in the books listed here is different from the photo registered by Science Faction in 2009 in the name of Psihoyos in copyright registration VA 1-659-154.  (Aggarwal Decl., ¶ 23 & Exs. 15, 16.)



### D.  "Fossilized dinosaur tracks":

Wiley published a photo of a man on the face of a rock wall pointing to a path of fossilized dinosaur tracks in the following two titles: *Visualizing Geology 2e* and *Visualizing Earth Science 1e*.  (Aggarwal Decl., ¶¶ 4, 9, 11 & Exs. 5, 6; *see also* Compl., ¶¶ 17-20.) Plaintiff's complaint alleges that this photo is covered by the copyright registration TX 4-083-613 for his 1994 book *Hunting Dinosaurs*.  (Compl., ¶ 33; Aggarwal Decl., ¶ 23, Ex. 15.)  The version of the photo that appears in plaintiff's book, however, is not the same as the version that appears in Wiley's publication.  (Aggarwal Decl., ¶ 25, Ex. 17.)

### E.  "A Collection of Gastroliths"

Plaintiff alleges that Wiley published his photo titled "A Collection of Gastroliths" in the title *Physics 8e*.  (Compl., ¶¶ 25-27.)  However, no such Psihoyos photo appears in that book. (Declaration of Hilary Newman ("Newman Decl."), ¶ 4.)  Plaintiff also has produced no

evidence of a copyright registration in his name for this photograph.  (Aggarwal Decl., ¶¶ 26-30 & Ex. 20 (Psihoyos Dep. at 110:2-111:11).)

### F.  "500 Televisions in the Information Age"

Plaintiff alleges that Wiley published his photo titled "500 Television in the Information Age" in the title *Visualizing Earth History 1e*.  (Compl., ¶¶ 21-22.)  However, no such Psihoyos photo appears in that book.  (Newman Decl., ¶ 4.)



### G.  "Enormous Triceratops Skeleton":

The photo of a walking triceratops skeleton was published by Wiley in the following title: *Visualizing Earth History 1e*.  (Aggarwal Decl., ¶¶ 4, 12 & Ex. 7; *see also* Compl., ¶¶ 23-24.) Wiley's photo editors requested permission to publish this photo on August 13, 2008, which permission was given by plaintiff's licensing agent Science Faction, and for which Wiley paid the licensing fee of $175.  (Aggarwal Decl., ¶ 19 & Ex. 12.)

### LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a material factual dispute.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once that is done, the non-moving party (plaintiff in this case) "must 'set forth specific

6

facts showing that there is a genuine issue for trial,'" and cannot rest on the "allegations of the pleadings." *Marvel Entm't, Inc. v. Kellytoy (USA), Inc.*, 769 F. Supp. 2d 520, 523-24 (S.D.N.Y. 2011) (quoting *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986)); *accord Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002) ("nonmoving party 'may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible'"); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 712 F. Supp. 2d 84, 89 (S.D.N.Y. 2010) ("Mere speculation and conjecture will not suffice" to defeat summary judgment).

## ARGUMENT

### I.   PLAINTIFF HAS FAILED TO STATE A VALID COPYRIGHT INFRINGEMENT CLAIM

The Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., grants copyright holders the exclusive rights to "reproduce the copyrighted work in copies." *Id.* at § 106.  To sustain a claim for copyright infringement, the plaintiff must demonstrate *both* ownership of a valid and enforceable copyright, including a registration of such copyright in his name, *and* unauthorized copying or reproduction of the copyrighted work.  *See, e.g.*, *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)); *Nihon Keizai Shimbun, Inc. v. Comline Business Data, Inc.*, 166 F.3d 65, 69-70 (2d Cir. 1999).  With respect to the photographs and alleged acts of infringement identified in his Complaint, plaintiff has failed to establish one or both of these two core elements of a copyright infringement claim.  First, with respect to five of his photographs (and the corresponding Wiley textbooks purportedly using those photographs), plaintiff has failed to establish the first element of a copyright claim – ownership of a valid copyright registration.  Second, he similarly has failed to establish the second element – unauthorized use – with respect to the remaining three

photographs listed in the Complaint.  As demonstrated below, plaintiff has failed to establish any cause of action for copyright infringement and judgment should be entered for Wiley on all claims.

**A.**       **Registration Is A Prerequisite
            For A Copyright Infringement Claim**

The Copyright Act provides that no action for infringement "shall be instituted until . . . registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a); *see also Reed Elsivier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1247 (2010) ("The registration requirement in 17 U.S.C. § 411(a) . . . imposes a precondition to filing a claim."); *TI Training Corp. v. FAAC, Inc.*, No. 09-00973, 2010 WL 2490535, at *3 (D. Colo. Jun 15, 2010) (analyzing impact of *Muchnick* and determining that copyright infringement claims must be dismissed when the plaintiff fails to come forward with a copyright registration during discovery because, the court held, "consistent with other courts, . . . § 411(a) does impose a mandatory precondition to suit") (collecting cases); *see also Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 453 (2d Cir. 1989) ("[P]roper registration is a prerequisite to an action for infringement."); *Marketing Tech. Solutions, Inc. v. Medizine LLC*, No. 09-8122, 2010 WL 2034404, at *5-6 (S.D.N.Y. May 18, 2010) (holding that the "language of 17 U.S.C. § 411(a) is clear" requiring that a plaintiff must establish registration as an element of liability on an infringement claim).

Summary judgment is appropriate for causes of action for which the plaintiff cannot establish a valid copyright registration.  *Muench Photography, Inc.*, 712 F. Supp. 2d at 95; *Marketing Tech. Solutions, Inc*, 2010 WL 2034404, at *5-6.  Where, as here, the plaintiff has "failed to comply with the precondition to suit," he has failed to state a cause of action and any claims for which he has not established a valid copyright registration are properly dismissed.

8

*Meunch Photography, Inc.*, 712 F. Supp. 2d at 95 (granting partial summary judgment as to "all of the Images except those" for which the plaintiff had established valid registrations).

**B.      Plaintiff Has Not Established Valid Copyright
          Registrations For Five Of The Works At Issue**

Here, plaintiff has alleged infringement with respect to five photographic images (Compl., ¶¶ 4-20) for which he has provided no evidence that these specific works were actually registered with the Copyright Office: (1) & (2) "Narcoleptic dog" (two photos) (3) "Dinamation exhibit at the Museum of Natural History, Cincinnati, OH," (4) "8-foot long nesting dinosaur wrapped around at least 20 eggs," and (5) "Fossilized dinosaur tracks."  (Aggarwal Decl., ¶¶ 4, 20, 21, 23, 24, 25, 26, 28, 29.).[2]

Indeed, in certain instances, plaintiff has acknowledged that he does not know who, if anyone, registered the photographs, or how or when, if at all, they were registered.  (*See, e.g.*, Aggarwal Decl., Ex. 20 (Psihoyos Dep. 62:23-63:15).)  Because plaintiff has not established the

---

[2] Under the Federal Rules, a party should not be permitted "to supply evidence on a motion, at a hearing, or at a trial," that was not properly produced in discovery "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Despite being on notice of the deficiencies in his Complaint and document production, (*see* Aggarwal Decl., ¶¶ 26-29 & Ex. 18 (Wiley requested that plaintiff produce all documents related to the "ownership" and the "registration of copyright" for each Photograph, as well as "Documents Plaintiff intends to rely on at trial")), the plaintiff has not produced valid registrations for the photographic images discussed herein.  As a result, he should be precluded from now relying on documentation that has not heretofore been produced in this litigation.  *See, e.g., Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 85-87 (2d Cir. 2008); *Underpinning & Foundation Skanska, Inc. v. Travelers Cas. & Sur. Co.*, 726 F. Supp. 2d 339, 348-49 (S.D.N.Y. 2010).  Plaintiff knows, or should know, whether proper copyright registrations exist with respect to the photos he has pleaded in this case.  There is no justification, let alone a substantial one, for his failure to produce such information, and Wiley will be significantly prejudiced if he is permitted to introduce such evidence at this point, now that discovery is closed – leaving Wiley with no opportunity to depose plaintiff, to otherwise test such information, or to address it in the instant motion.

9

prerequisite to his claim for copyright infringement for the following photographs, judgment should be entered for Wiley on the portions of the infringement claims based on these images.

### 1.      Narcoleptic dog

With respect to the "Narcoleptic dog" photos, Psihoyos has identified registration number VA 0-000-888-3033, which covers an article entitled "What is this thing called sleep?" by Michael E. Long, containing photos by Psihoyos, that was published in *National Geographic* in December 1987. (Compl., ¶ 30; Aggarwal Decl., ¶¶ 14, 15, 20 & Exs. 8, 9, 13.)  Psihoyos has conceded, however, that the "Narcoleptic dog" photos that appear in Wiley's textbook *Visualizing Psychology* are *not* the registered photographs that appeared the December 1987 article. (*See* Aggarwal Decl., Ex. 20 (Psihoyos Dep. at 22:9-25:2 ("Q.  So the copyright registration we looked at, Defendant's Exhibit 2 [December 1987 National Geographic article], is for photographs that are different from what appear in Defendant's Exhibit 1 [Wiley textbook], correct?  . . .  A. Yes.").)  Moreover, it is undisputed that the unregistered "Narcoleptic dog" photos appearing in *Visualizing Psychology* are the same photos that appear in the other three Wiley textbooks identified in the Complaint as supposedly infringing, *Visualizing Psychology 2nd Edition*, *Psychology in Action 8th Edition* and *Psychology in Action 9th Edition*, identified in the Complaint.  (*Compare* Aggarwal Decl., Exs. 1-4.)  Thus, plaintiff's own testimony confirms that his alleged registration does not cover the photographs used in Wiley's textbooks, and plaintiff has never produced a registration for the photos actually in the Wiley books.  Because he has not provided a valid registration for the Narcoleptic Dog photographs used by Wiley, all of plaintiff's claims based on those photos should be dismissed.

### 2.      8-foot-long dinosaur

With respect to the photo titled "8-foot long nesting dinosaur wrapped around at least 20 eggs," plaintiff has identified registration number VA 0-000-888-299, which is the registration of

a National Geographic article, entitled "The great dinosaur egg hunt" by Philip J. Currie, with photographs by Psihoyos, printed in May 1996. (Compl., ¶¶ 29, 32; Aggarwal Decl., Exs. 14, 15, 16.)  However, neither the registration cited in the Complaint (Compl., ¶¶ 29, 32), nor the related documents produced by plaintiff (Aggarwal Decl., Ex. 14), show that the photographs published in the May 1996 *National Geographic* article include the photo used by Wiley in its own textbooks.

In fact, plaintiff has admitted both that the "8-foot-long dinosaur" photo used by Wiley in *Visualizing Earth Science 1st Edition does not appear* in "The great dinosaur egg hunt" article published by National Geographic and *it is not covered* by the pleaded copyright registration.[3]

> Q.   Can you show me where in [Exhibit 9, National Geographic magazine Vol. 189, No. 5] that photograph appears?
>
> (Pause on the record.)
>
> A.   I don't think it's in this one.
>
> (Pause on the record.)
>
> A.   I don't think it's in this article.
>
> Q.   It's not in that article?
>
> A.   I don't believe so.
>
> Q.   Are you aware of any other articles on dinosaur eggs that National Geographic has published?
>
> A.   No.
>
> * * *

---

[3] The same version of this "8-foot-long dinosaur" photo appears in the other Wiley books at issue here:  *Visualizing Geology 1st Edition* and *Visualizing Geology 2nd Edition*.  (Aggarwal Decl., ¶¶ 4, 10, 11 & Ex. 6.)

> Q.      So the copyright registration referenced in paragraph 32 of
> the complaint is not the correct copyright registration for
> the photograph that appears in Wiley's book, Defendant's
> Exhibit 7?
>
> A.   Correct.

(Aggarwal Decl., Ex. 20 (Psihoyos Dep. at 59:16-62:16).)  Because plaintiff has not provided a

valid registration for the photograph "8-foot-long dinosaur" that appears in *Visualizing Earth*

*Science* and *Visualizing Geology*, plaintiff's claims based this photo should be dismissed.

### 3.      Fossilized dinosaur tracks

Plaintiff alleges that registration number TX 4-083-613, which covers a book entitled

*Hunting Dinosaurs*, published by Random House, covers his photograph "Fossilized dinosaur

tracks." (Compl., ¶ 31; Aggarwal Decl., Ex. 17).  However, the image plaintiff has identified as

"Fossilized dinosaur tracks" in Wiley's textbooks is different from the image that plaintiff

identified as the photograph that appears in *Hunting Dinosaurs*.  (Aggarwal Decl., Ex. 11).[4]

Thus, plaintiff lacks a registration for the particular photo of fossilized dinosaur tracks in

*Visualizing Earth Science*, 1st Edition and *Visualizing Geology*, 2nd Edition.  As a result, his

claims based on this photo should be dismissed.

### 4.      Gastroliths and Dinamation Exhibit

With respect to his photographs "A Collection of Gastroliths" ("Gastroliths") and

"Dinamation exhibit at the Museum of Natural History, Cincinnati, OH"("Dinamation Exhibit"),

plaintiff has not produced a copyright registration or even identified a registration number.

---

[4] Plaintiff has produced certain other registrations that mention "dinosaur fossil photographs," but there is no evidence that the photo used in Wiley's textbooks titled "Fossilized dinosaur tracks" is among any of the photos covered by these other registrations, and plaintiff has failed to produce any evidence demonstrating what photos actually are covered by the other registrations he has produced.

Although he alleges that "Gastroliths" and "Dinamation Exhibit" were registered on his behalf by his agent Corbis Corporation,  plaintiff has not provided any documentation to support that claim. (*See* Compl., ¶¶ 34-35).  In fact, plaintiff has admitted that (i) he does not know whether Corbis ever registered those works; (ii) that he has never seen a registration for those works; and (iii) that he does not know the registration number for those works. (Aggarwal Decl., Ex. 20 (Psihoyos Dep. at 51:24-54:19; 110:2-111:11).)[5]

In sum, plaintiff lacks a valid copyright registration for six of the eight photos plaintiff claims were infringed by Wiley, and all of his claims based on these six photos accordingly should be dismissed.

### C.   Plaintiff Has Not Established Unauthorized Copying

Plaintiff's copyright infringement claim fails as well with respect to three photos pleaded in this case because he cannot establish the second element of an infringement claim, *i.e.*, that Wiley engaged in unauthorized use of the photos.  It is axiomatic that "[t]o satisfy the second element of an infringement claim – the 'unauthorized copying' element – a plaintiff must show . . . that his work was '*actually copied*,'" *Jorgensen*, 351 F.3d at 51 (quoting *Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 137 (1998)) (emphasis added, citation and internal quotation marks omitted), and that such copying, if established, was done without consent, *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998).

---

[5] Moreover, unless the Corbis registrations fully complied with 17 U.S.C. § 409, such registration would not be valid under § 411, as has been held by courts reviewing similar claims to those at issue here.  *See, e.g.*, *Muench Photography, Inc.*, 712 F. Supp. 2d at 88-95; *Bean v. John Wiley & Sons, Inc.*, No. 11-8028, 2011 WL 3348959, at *3 (D. Ariz. Aug. 3, 2011) (citing cases).

With respect to the three photographs discussed below, Psihoyos has failed to establish this element of unauthorized copying.

### 1.    500 Televisions and Gastroliths

With respect to two of his photographic images, "500 Televisions in the Information Age" and "A Collection of Gastroliths," plaintiff alleged unauthorized coping by Wiley in the textbooks *Visualizing Earth History 1st Edition* and *Physics 8th Edition by Cutnell.*  (Compl., ¶¶ 21-22, 25-27.)  However, other than this bare allegation in the Complaint, there is nothing in the record indicating that Wiley used these photos.  Plaintiff did not provide any evidence that these works actually appeared in those textbooks, nor could he because Wiley simply has not used these two works as alleged. (*See* Newman Decl., ¶ 4).  Indeed, plaintiff has acknowledged that these photos simply do not appear in *Visualizing Geology* or *Physics*.  (*See* Aggarwal Decl., Ex. 20 (Psihoyos Dep. 70:7-21; 77:2-3 (Gastroliths); 146:2-10 (500 TVs)).)

Because plaintiff has not produced any evidence of use of either 500 Televisions or Gastroliths, judgment should be entered for Wiley as to those works.  *See, e.g.*, *Kerr v. New Yorker Magazine, Inc.*, 63 F. Supp. 2d 320, 325-26 (S.D.N.Y. 1999) (granting summary judgment upon finding that defendants had not copied plaintiff's work).

### 2.    Triceratops

It similarly is manifest that: "A copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement." *Graham*, 144 F.3d at 236; *see, e.g., Davis v. Blige*, 505 F.3d 90, 100 (2d Cir. 2007) ("A valid license . . . immunizes the licensee from a charge of copyright infringement, provided that the licensee uses the copyright as agreed with the licensor.").  Here, plaintiff's claim against Wiley with respect to his photograph "Enormous Triceratops Skeleton" ("Triceratops") is for uses that were licensed to Wiley by Science Faction, the licensing agency that plaintiff testified was his

14

agent with respect to licensing of this and many of his other photos.  (Aggarwal Decl., ¶¶ 19, 23 & Exs. 15, 20 (Psihoyos Dep., 65:23-66:23).)  That license permits Wiley to use Triceratops in *Visualizing Earth History First Edition* for up to 40,000 copies and distribution worldwide.  *Id.*  Wiley's use, therefore, was completely within the rights granted under the Science Faction license, and thus the claim based on Wiley's publication of the Triceratops photo must be dismissed.  *Graham*, 144 F.3d at 236.

## II.   DAMAGES, IF ANY, WOULD BE LIMITED AS A MATTER OF LAW

As discussed above, plaintiff has failed to establish his infringement claim as to any of the photographs identified in the Complaint.  However, even if plaintiff could establish an infringement, any damages would be limited, as a matter of law, on three grounds.

### A.   <u>Statutory Damages Are Not Available For Photographs Registered After Wiley's First Use</u>

In his complaint, plaintiff seeks an award for "statutory or actual damages" and "attorneys' fees" "under the Copyright Act."  (Compl., ¶ 49 & "wherefore" clause ¶¶ 2-3.)  Even if plaintiff's claim for copyright infringement were somehow valid (which it is not), plaintiff is ineligible to recover either statutory damages or attorneys fees for any allegedly infringing conduct that began before the effective dates of plaintiff's copyright registrations.

The Copyright Act expressly states that

> no award of statutory damages or of attorney's fees as provided by sections 504 and 505, shall be made for— (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration . . . .

17 U.S.C. § 412.  Moreover, when a pattern of infringing conduct begins prior to the effective date of the applicable registration, awards for statutory damages and attorney's fees are not available even if the allegedly infringing conduct continues after the registration is issued.  The

law on this point is plain: "[A] plaintiff may not recover statutory damages and attorney's fees for infringement occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration." *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158 (2d Cir. 2007).

For instance, in *EZ-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996), plaintiffs developed a computer program for selling tickets. The court held that plaintiffs could not recover statutory damages for defendants' use of the program, which began prior to registration of the program, even though ticket sales continued after plaintiffs registered the program: "[I]nfringement 'commences' when the first act of infringement in a series of on-going discrete infringements occurs." *Id.* (citation omitted). *See also, e.g., Fournier v. McCann Erickson*, 202 F. Supp. 2d 290, 297-98 (S.D.N.Y. 2002) (plaintiffs not entitled to statutory damages for defendants' use of infringing photograph in advertising campaign where campaign began before the photograph was registered and continued thereafter).

Here, the only photograph for which plaintiff has provided both a registration in his name and evidence of use by Wiley (although, as discussed above such use was with consent) is Triceratops. The registration for Triceratops was filed by Science Faction on January 28, 2009, *after* Wiley published *Visualizing Earth History*. (Aggarwal Decl., ¶ 23 & Ex. 15.) Moreover, as reflected in the certificate of registration itself, the registration was issued years after the first publication of the photo (on March 8, 2006), thus well beyond the three-month grace period provided by the statute. *See* 17 U.S.C. § 412(2). (Aggarwal Decl., Ex. 15.) As a result, under 17 U.S.C. § 412, the plaintiff's registration of the Triceratops photo is too late to support an election of statutory damages.

**B.**     **Plaintiff's Claims Are Partially Barred By The Statute
of Limitations**

Under the applicable statute of limitations, no recovery may be had for any infringing act
alleged to have occurred more than three years before suit is brought.  17 U.S.C. § 507(b) ("No
civil action shall be maintained under the provisions of this title unless it is commenced within
three years after the claim accrued.").  The law is clear that "a party cannot reach back, based on
acts of infringement that accrued within the limitations period, and recover for claims that
accrued outside the limitations period."  *Hotaling v. Church of Jesus Christ of Latter-Day Saints*,
118 F.3d 199, 202 (4th Cir. 1997); *see also, e.g., Stone v. Williams*, 970 F.2d 1043, 1049-50 (2d
Cir. 1992) ("Recovery is allowed only for those acts occurring within three years of suit, and is
disallowed for earlier infringing acts.").

The Supreme Court has stated that for federal statutes of limitations, such as the one
applicable to copyright infringement claims, the claim accrues when the allegedly wrongful act
occurs, not when the plaintiff learns of the wrongful act.  Thus, in *TRW, Inc. v. Andrews*, 534
U.S. 19 (2001), the Court rejected application of a "discovery" rule in connection with a federal
statute of limitations when the statute at issue did not expressly specify that the claim would
accrue only upon its discovery rather than when the wrongful act occurred.  After *TRW*, courts
applying the copyright statute of limitations have rejected reliance on a discovery rule and have
barred recovery for infringements occurring beyond three years, whether or not the plaintiff had
been aware of the infringement.  *See, e.g., Roberts v. Keith*, No. 04-10079, 2006 WL 547252, at
*3 (S.D.N.Y. Mar. 7, 2006) (following *TRW* and holding that "the injury rule governs the
application of the three-year statute of limitations in this copyright infringement case"); *Auscape
Int'l v. Nat'l Geographic Soc'y*, 409 F. Supp. 2d 235, 247 (S.D.N.Y. 2004) (following *TRW* and
holding that "the legislative history of Section 507(b) makes it strikingly clear that Congress

17

intended to adopt a three-year limitations period running from the date of the infringement, as a discovery rule would have defeated its overriding goal of certainty").

Because plaintiff filed suit on March 1, 2011, he may not recover in court for any alleged infringing act occurring prior to March 1, 2008.  Plaintiff has alleged infringement based on the use of photographs published in the following textbooks:  (1) *Psychology in Action*, 8th Edition (Compl., ¶ 4); (2) *Visualizing Psychology*, 1st Edition (Compl., ¶ 9); and (3) *Visualizing Geology*, 1st Edition (Compl., ¶ 16).  These books were all published before March 1, 2008, (Aggarwal Decl., ¶ 4), and though sales may have continued past that date, plaintiff's damages, if any, are limited to sales made after March 1, 2008 as a matter of law.

## C.   Plaintiff Has No Evidence Of Willful Infringement[6]

Even assuming, *arguendo*, that plaintiff could successfully establish a claim for copyright infringement with respect to some of the works at issue, and that plaintiff somehow remained eligible to receive an award of statutory damages, there simply is no evidence of willful infringement in this case.  The fact that a defendant may have intended to undertake the

---

[6] "Although courts are generally reluctant to dispose of a case on summary judgment when mental state is at issue, it is permissible to do so where there are sufficient undisputed material facts on the record to make the question appropriate for summary judgment."  *Lipton v. Nature Co.*, 71 F.3d 464, 472 (2d Cir. 1995) (citing *Resource Developers, Inc. v. Statue of Liberty-Ellis Island Found., Inc.*, 926 F.2d 134, 141 (2d Cir.1991) ("'The summary judgment rule would be rendered sterile . . . if mere incantation of intent or state of mind would operate as talisman to defeat an otherwise valid motion.'") (citation omitted)); *accord Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 269 F.3d 114, 125 (2d Cir. 2001) (affirming summary judgment on issue of bad faith, noting that "copying alone was insufficient to establish bad faith"); *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00-7909, 2001 WL 830667, at *11 (S.D.N.Y. July 23, 2001) ("Where, as here, plaintiff has had the opportunity to engage in discovery, its 'speculative allegations' do not raise a genuine issue of material fact sufficient to survive summary judgment" on the issue of good or bad faith) (citation omitted), *aff'd*, 45 F. App'x 42 (2d Cir. 2002); *Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. B.E. Windows Corp.*, 969 F. Supp. 901, 904-05 (S.D.N.Y. 1997) (granting partial summary judgment upon finding that no evidence supported finding of willful infringement).

reproduction at issue does not give rise to enhanced damages.  Rather, to establish willfulness, a plaintiff has the heavy burden to demonstrate that the defendant knew *at the time of the infringing acts* that its conduct constituted infringement or recklessly disregarded the possibility. *See Lipton*, 71 F.3d at 472 (holding that copyright infringement is willful only "where the defendant had knowledge that its conduct constituted infringement or showed reckless disregard for the copyright holder's rights"); *see also*, *e.g.*, *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005) (without proof of actual knowledge of infringement, copyright owner must demonstrate "willful blindness" by infringer to be eligible for enhanced statutory damages).

Under the Copyright Act, a plaintiff may seek to recover "instead of actual damages and profits, an award of statutory damages for all infringements involved in the action," and the court *may* "increase the award of statutory damages to a sum of not more than $150,000" in cases where a copyright owner proves "that infringement was committed willfully."  17 U.S.C. § 504(c)(1), (2).[7]  Generally, "awards outside the ordinary statutory range are made only in 'exceptional cases,' and there must be evidence of 'especially egregious circumstances' before the enhanced damages become available."  *Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, No. 03-4962, 2005 WL 67077, at *5, 7 (E.D. Pa. Jan. 11, 2005) (describing a willful infringer as "one who, after receiving notice of a possible infringement either 'sneer[s] in the face of the copyright owner' or 'hide[s] its head in the sand like an ostrich'") (citations omitted).  Indeed, many courts have stressed that eligibility for enhanced statutory damages requires affirmative evidence of bad faith.  *See, e.g.*, *Digital Filing Sys., L.L.C. v. Agarwal*, No. 03-70437, 2005 WL

---

[7] Although a finding of willfulness increases the *maximum* available statutory award, it has no effect on the statutory *minimum*.  Thus, even a willful infringer may be liable for as little as $750 per work.  *See* 17 U.S.C. § 504(c)(1), (2).

1702954, at *3 (E.D. Mich. July 20, 2005) (no willful infringement because "[t]his was not a case of 'reckless disregard' of Plaintiff's rights by Defendants, as they truly believed they were legitimately marketing and selling their product").

Nothing in the record in this case establishes the kind of reckless disregard of plaintiff's rights that is necessary to support a finding of willfulness and an enhancement of statutory damages.  To the contrary, the record is unrebutted in establishing Wiley's consistent efforts to respect plaintiff's rights, even if those efforts were not always successful.  Plaintiff has made only the bald assertion that Wiley's alleged infringement was willful (Compl., ¶¶ 36, 48), but the evidence shows that any unauthorized use of plaintiff's work was due to inadvertent error or mistake.  (Newman Decl., ¶¶ 5, 6.)  Upon discovering an error, it was Wiley that immediately contacted plaintiff in an attempt to rectify the error and arrange for a license of the relevant photograph.  (*Id.* ¶¶ 5, 6 & Ex. 1.)  When it became clear that the parties were not going to be able to come to an amicable resolution, Wiley took steps to remove the photographs at issue from any future printings of its books and replace them with different pictures from other photographers. (*Id.* ¶ 7.)  Plaintiff can provide no evidence that Wiley took affirmative steps to use his photographs intentionally without consent, or knowing that such use would be infringing.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this court grant their motion for summary judgment, together with such other relief the Court deems just and appropriate.

Dated:  New York, New York          Respectfully submitted,
         August 17, 2010

                                    LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

                                     /s/ Robert Penchina
                                    Robert Penchina (RP-5866)
                                    Christopher P. Beall (CB4590)
                                    321 West 44th Street, Suite 510
                                    New York, NY 10036
                                    (212) 850-6100
                                    (212) 850-6299 (Fax)

                                    Ashima Aggarwal, Esq.
                                    Joseph J. Barker, Esq.
                                    JOHN WILEY & SONS, INC.
                                    111 River Street
                                    Hoboken, NJ 07030
                                    (201) 748-7862

                                    *Attorneys for Defendant John Wiley & Sons, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this __17th__ day of __August__, 2011, a true and correct copy of the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** was filed with the Court through the ECF-CM electronic filing system, which will automatically serve electronic notice of the same on the counsel of record:

               Danial A. Nelson, Esq.
               Kevin P. McCulloch, Esq.
               NELSON & McCULLOCH LLP
               The Chrysler Building
               405 Lexington Ave., 26th Floor
               New York, N.Y 10174
               (646) 704-4900
               Email – dnelson@nelsonmcculloch.com;
               kmcculloch@nelsonmcculloch.com
               *Counsel for Plaintiff Louis Psihoyos*


               _/s/  Robert Penchina_____

22