UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
LOUIS PSIHOYOS,                             :   1:11-cv-01416 (JSR)
                                            :
                      Plaintiff,            :   ECF Case
          -against-                         :
                                            :   SUPPLEMENTAL
JOHN WILEY & SONS, INC.,                    :   DECLARATION OF ASHIMA
                                            :   AGGARWAL
                                            :
                      Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
```

I, **Ashima Aggarwal**, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to the practice of law before this Court, and I have entered my appearance on behalf of the defendant in this action John Wiley & Sons, Inc. ("Wiley"). I am employed by Wiley at its headquarters in Hoboken, New Jersey.

2. I am providing the following supplemental information in response to the material submitted by Plaintiff Louis Psihoyos ("Psihoyos") in opposition to the Motion for Summary Judgment (Doc. #26, filed Aug. 17, 2011), and in supplement to the material I previously submitted to the Court on this matter in my initial Declaration of Ashima Aggarwal (Doc. #31, filed Aug. 17, 2011).

3. As I pointed out in my initial Declaration on this matter, prior to the filing of Wiley's Motion, the plaintiff had failed to produce copyright registration certificates for copyright registrations covering the photographs actually published by Wiley.

1

4. On August 19, 2011, after plaintiff's counsel had the opportunity to review Wiley's Motion, plaintiff's counsel requested that I make myself available to contact the Court in connection with Psihoyos' request for leave to file an Amended Complaint. During my meet and confer with plaintiff's counsel prior to this call, I requested that counsel provide me with a copy of his proposed amended complaint so I could determine whether Wiley would consent to any of the requested amendments. Plaintiff's counsel declined to provide me with the proposed amended complaint. At the subsequent pre-motion conference with the Court on this issue, the Court denied plaintiff's request for leave to file an amended complaint.

5. On August 25, 2011, Psihoyos' counsel again requested that I make myself available to contact the Court in connection with plaintiff's request to stay briefing on the Motion and for leave to conduct additional discovery.

6. On August 26, 2011, following a pre-motion conference on these request, the Court informed the parties that the plaintiff's requests were denied.

7. Later that same day, on the evening of Friday, August 26, 2011, Psihoyos' counsel sent Wiley's counsel an email with two attached .pdf files – labelled "Plaintiff DOCS-4" and "Plaintiff DOCS-5." The email transmitting these materials contained no substantive text. Psihoyos' counsel did not indicate when the plaintiff came into possession of the materials being produced in this email, nor did the email indicate why these documents, which were responsive to document requests served by Wiley during the discovery period, had not been produced prior to the close of discovery in this case on August 10, 2011.

8. Contained within this email were copyright registration certificates or evidence of copyright registrations that Psihoyos had never previously produced or cited, including the following:

    a. VA 0-000-885-140, filed Dec. 8, 1997, referring to a *National Geographic* article published in April 1996 (Bates No. PL000271);

    b. VA 0-000-888-295, filed Dec. 10, 1997, referring to a *National Geographic* article published in July 1996 (Bates Nos. PL000241-43);

    c. VA 0-000-888-296, filed Dec. 10, 1997, referring to a *National Geographic* article published in January 1993 (Bates Nos. PL000189-90);

    d. VA 0-000-888-297, filed Dec. 10, 1997, referring to a *National Geographic* article published in June 1996 (Bates Nos. PL000268); and,

    e. VA 1-761-465, filed Feb. 2, 2011 referring to "1261 images starting with fct4356-001 and ending with scf4452-002," with a first publication date of April 1, 2006 (Bates Nos. PL000276-78).

9. Also contained within this email was a copy of a copyright application that Psihoyos had never previously produced or cited: Copyright application for "Louis Psihoyos_2005_SCF," referring to "406 files starting with fct4327-192 and ending with scf4327-951," filed Feb. 2, 2011 (Bates Nos. PL000264-67).

10. The registration certificates referenced above in Paragraphs 8.b and 8.c. were submitted to the Court in connection with Psihoyos' Opposition to Wiley's Motion

as Exhibits 16 and 18 to the Declaration of Danial Nelson (Doc. #39, filed Aug. 31, 2011).

11. The copyright registration certificate referenced above in Paragraph 8.e was submitted to the Court in connection with Psihoyos' Opposition as Exhibit 8 to the Sliwoski Declaration.

12. Separately, on the afternoon of Tuesday, August 30, 2011, Psihoyos' counsel sent a further email to Wiley's counsel with an attached .pdf file labeled "Plaintiff DOCS-6." As with the prior email referenced above, this email also contained no substantive text and also did not indicate why these documents had not been produced prior to the close of discovery in this case. These documents, again, were responsive to document requests served by Wiley during the discovery period.

13. Contained within this separate email were the following copyright applications that Psihoyos had never previously produced or cited: Copyright application for "Louie Psihoyos_Dement," referring two photographs of Dr. William Dement, filed Aug. 30, 2011 (Bates Nos. PL000310-18); and copyright application for "Louie Psihoyos_1997_Dinamation" referring to a photograph of a man holding a measuring stick to a tyrannosaurus rex model, filed August 30, 2011 (Bates Nos. PL000319-26).

14. The copyright applications referenced above in Paragraph 13 were submitted to the Court in connection with Psihoyos' Opposition as Exhibits 3 and 12 to the Declaration of Charles Sliwoski, (Doc. #36, filed Aug. 31, 2011).

15. In light of the assertions by the plaintiff in the Declaration of Louis Psihoyos (Doc. #35, filed Aug. 31, 2011), concerning Psihoyos' purported ownership of the copyright in photographs published by National Geographic Society in the *National*

*Geographic* magazine, Wiley's counsel has searched the public record of this Court for evidence of prior submissions by Psihoyos concerning his "work for hire" arrangements with National Geographic Society.

16. Attached hereto as **Exhibit 21** is a true and correct copy of the publicly available "Declaration in Support of Cross-Motion for Summary Judgment" signed by Psihoyos under penalty of perjury and submitted to this Court on March 21, 2005 in the case *Louis Psihoyos v. The National Geographic Society*, Case No. 04-cv-04941-RMB at docket entry No. 20.

17. Attached hereto as **Exhibit 22** is a true and correct copy of the publicly available "Exhibit A" to the Psihoyos Declaration in Case No. 04-cv-04941-RMB referenced above, which was filed by Psihoyos on March 21, 2005 as an attachment to the declaration contained in Exhibit 21 here.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: Hoboken, N.J.
September 7, 2011

                */s/ Ashima Aggarwal*
                Ashima Aggarwal