USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
LOUIS PSIHOYOS,

        Plaintiff,

    -v-

JOHN WILEY & SONS, INC.,

        Defendant.
------------------------------------x

11 Civ. 1416 (JSR)

MEMORANDUM

JED S. RAKOFF, U.S.D.J.

    On March 1, 2011, plaintiff Louis Psihoyos, a professional photographer, filed the above-captioned copyright infringement action against defendant John Wiley & Sons, Inc. ("Wiley"), a publishing company. Plaintiff generally alleges in his Complaint that the defendant unlawfully exploited several of plaintiff's copyrighted photographs, including the following photographs identified in the Complaint: (1) "William Dement holding narcoleptic dog awake and asleep" ("Narcoleptic Dog"); (2) "Dinamation exhibit at the Museum of Natural History, Cincinnati, OH" ("Dinamation"); (3) "8-foot long nesting dinosaur wrapped around at least 20 eggs" ("8-foot long Dinosaur"); (4) "Fossilized dinosaur tracks" ("Fossilized"); (5) "A Collection of Gatroliths [sic]" ("Gastroliths"); (6) "500 Televisions in the Information Age" ("500 Televisions"); and (7) "Enormous Triceratops Skeleton" ("Enormous Triceratops").

    On August 17, 2011, defendant filed its motion for summary judgment. Opposition papers were filed on August 31, 2011; reply papers were filed on September 7, 2011; and the Court

heard oral argument on September 14, 2011.  After careful consideration, the Court issued an Order on September 19, 2011 granting defendant's motion in part and denying it in part.  This Memorandum explains the reasons for the Court's rulings.[1]

Psihoyos alleges Wiley used his photos without authorization in at least nine Wiley textbooks and their associated ancillary publications, including (but Psihoyos claims not limited to):

1. <u>Psychology in Action 8th Edition</u>, published on December 14, 2005.

2. <u>Psychology in Action 9th Edition</u>, published on November 4, 2008.

3. <u>Visualizing Psychology 1st Edition</u>, published on January 9, 2007.

4. <u>Visualizing Psychology 2nd Edition</u>, published on October 5, 2009.

5. <u>Visualizing Geology 1st Edition</u>, published on January 16, 2007.

6. <u>Visualizing Geology 2nd Edition</u>, published on February 5, 2009.

---

[1] Although this case was subsequently reassigned to Judge Paul Oetken, by agreement with Judge Oetken this Court has retained jurisdiction for certain limited purposes, the last of which is the issuance of this Memorandum.

2

   7. Visualizing Earth Science 1st Edition, published on December 12, 2008.

   8. Visualizing Earth History 1st Edition, published on October 6, 2008.

   9. Physics 8th Edition by Cutnell, published on December 17, 2008.

Defendant's Rule 56.1 Statement of Material Facts dated August 17, 2011 ("Def. 56.1"), ¶¶ 4-5; Plaintiff's Counterstatement of Material Facts Pursuant to Local Rule 56.1 ("Pl. 56.1"), ¶¶ 4-5. In these publications, Psihoyos alleges Wiley used the eight photographs listed above without authorization, infringing his copyrights in those photographs.

To sustain a claim for copyright infringement, a plaintiff must show "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003). Under 17 U.S.C. § 411(a), proving registration of the copyright is a "precondition to filing a claim." Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1247 (2010). Wiley argues that Psihoyos failed to establish valid copyright registrations for five of the photographs identified in his complaint: the two "Narcoleptic Dog" photographs, the "8-foot long Dinosaur"

3

photograph, the "Fossilized" photograph, and the "Dinamation" photograph. Defendant's Memorandum in Support of Its Motion for Summary Judgment ("Def. Br."), at 9.

Starting with the two Narcoleptic Dog photographs, Psihoyos identified registration number VA 0-000-888-3033, which covers an article published in National Geographic called "What is this thing called sleep?" and features two pictures of Dr. William Dement holding a narcoleptic dog. Def. 56.1 ¶ 12; Pl. 56.1 ¶ 12. The narcoleptic dog pictures in Wiley's textbooks, however, are not the same pictures as the ones covered under the identified registration number. See Declaration of Ashima Aggarwal dated August 17, 2011 ("Aggarwal Decl."), Ex. 20 (Deposition of Louis Psihoyos dated July 7, 2011) ("Psihoyos Dep."), at 22:9-25:2. Compare Aggarwal Decl. Ex. 1-4 (Wiley textbooks), with id. Ex. 8 (National Geographic article).

Psihoyos makes two arguments in response. First, he argues that because the photographs for which he provided a registration number are "substantially similar" to the photographs Wiley used in its textbooks, his copyright in the identified photographs covers the infringing photographs as derivative works. See, e.g., Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir. 2001). This argument is unavailing. The photographs used by Wiley are not "derivative" in any sense

4

of the word. They are "outtake" photographs from one photography session with Dr. Dement that produced both the photographs for which plaintiff has provided a registration number and those actually used by Wiley for which plaintiff has not provided a registration number. See Affidavit of Louis Psihoyos dated August 30, 2011 ("Psihoyos Aff."), ¶ 4.

Psihoyos next argues that he has satisfied the registration requirement through a pending copyright registration application filed August 29, 2011, under Service Request No. 1-64093732.[2] Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Pl. Br."), at 12-13; Affidavit of Charlie Sliwoski dated August 31, 2011 ("Sliwoski Aff."), ¶ 13, Ex. 3. At oral argument, plaintiff's counsel represented that plaintiff had filed the application, submitted the deposit materials, and paid the registration fee, and was merely waiting for the "rubber stamp" from the copyright office. See 9/14/11 Oral Arg. Tr. at 8:6-7. The mere pendency of an application is, however, insufficient to satisfy section 411's registration requirement, which the Supreme Court has determined

---

[2] Defendant argues that plaintiff should not be allowed to present this new registration application, produced for the first time in plaintiff's opposition brief to summary judgment and after discovery closed on August 10, 2011. Defendant's Reply in Support of Its Motion for Summary Judgment ("Def. Reply Br."), at 5-6. The Court has determined, however, that these (and all other) late-produced registration numbers do not prejudice the defendant and accordingly accepts them as evidence for this

to be an absolute "precondition" to suit. See Reed Elsevier, Inc., 130 S. Ct. at 1247. Accordingly, as other judges of this Court have noted, plaintiff's application argument "is entirely without support in law." DMBJ Prods. v. TMZ TV, No. 08 Civ. 6160, 2009 WL 2474190, at *2 (S.D.N.Y. Aug 11, 2009); cf. DO Denim, LLC v. Fried Denim, Inc., 634 F. Supp. 2d 403, 406 (S.D.N.Y. 2009); Lewinson v. Henry Holt & Co., 659 F. Supp. 2d 547, 592, 559-60 n.5 (S.D.N.Y. 2009). Without showing evidence of a valid, registered copyright in the photographs used by Wiley, plaintiff's claim for copyright infringement fails.

Similarly to the Narcoleptic Dog photographs, Wiley notes that the 8-foot long Dinosaur photograph that appears in its textbooks is not the same as the photograph registered under VA 0-000-888-299 that plaintiff identifies, which was published in a National Geographic article entitled "The great dinosaur egg hunt," nor under VA 1-659-154. See Aggarwal Decl., Exs. 14, 15, 16; Psihoyos Dep. at 59:16-62:16. Psihoyos responds that the image actually used by Wiley is covered by a separate copyright, No. 888-295, which has been registered since 1997 after its use in a National Geographic article entitled "Dinosaurs of the Gobi: Unearthing a Fossil Trove." See Psihoyos Aff. ¶¶ 10-12; Declaration of Danial A. Nelson dated August 31, 2011 ("Nelson Decl."), Exs. 15, 16; Aggarwal Decl. Ex. 5. The Court agrees

that this 1997 registration satisfies section 411's registration requirement, and plaintiff's claim for copyright infringement for the 8-foot long Dinosaur photograph will therefore not be dismissed.

Similar to the Narcoleptic Dog and 8-foot long Dinosaur photographs, Wiley argues that the registration provided by Psihoyos, TX 4-083-613, which covers his photograph "Fossilized dinosaur tracks," is different from the Fossilized photograph used in Wiley's textbooks. Psihoyos responds that the image Wiley actually did use is already covered under copyright registration VA 888-296, originally published in the January 1993 edition of National Geographic. See Psihoyos Aff. ¶¶ 14-18; Nelson Decl. Exs. 17, 18; Aggarwal Decl. Ex. 5. Again, this Court agrees that this registration satisfies section 411's registration requirement, and plaintiff's claim for copyright infringement for the Fossilized photograph will therefore not be dismissed.

Wiley next argues that Psihoyos has failed to provide any registration number for the Dinamation Exhibit photograph. Though plaintiff claims this photograph was registered on his behalf by his agent, Corbis Corporation, defendant argues "plaintiff has admitted that (i) he does not know whether Corbis ever registered [this] work[]; (ii) that he has never seen a

7

registration for [this] work[]; and (iii) that he does not know the registration number for [this] work[]." Def. Br. at 12-13, citing Psihoyos Dep. at 51:24-54:19, 110:2-111:11.  Psihoyos responds that his counsel twice requested information from Corbis regarding the status of his registrations for the Dinamation Exhibit, Pl. Br. at 19, and when Corbis failed to respond, plaintiff filed a document subpoena on Corbis, which remains outstanding.  Id.  Although, in the meantime, a registration application has been submitted to the Copyright Office for processing, Sliwoski Aff. ¶ 40, Ex. 12, this pending registration is, as noted, insufficient as a matter of law.  Given that Psihoyos has not provided a registration number, has not moved to compel production from Corbis, and has on this record only a pending application at most, his claim for copyright infringement of the Dinamation Exhibit photograph must also be dismissed.

Regarding the Enormous Triceratops photograph, Wiley argues there was no unauthorized copying of the photograph because Wiley obtained a license from Science Faction, Psihoyos's licensing agent, to use this image. Def. Br. at 14.  "That license permits Wiley to use Enormous Triceratops in Visualizing Earth History First Edition for up to 40,000 copies and distribution worldwide."  Id. at 15, citing Aggarwal Decl. ¶¶ 19, 23, Ex. 15; Psihoyos Dep. at 65:23-66:23.  Psihoyos responds that

8

this is an inadvertent mistake in the Complaint; defendant also published Enormous Triceratops in its Physics 8th Edition publication and exceeded its license. Pl. Br. at 15, citing Sliwoski Aff. ¶ 46; Nelson Decl. Exs. 3, at 2, Ex. 4, at Nos. 29-31, Ex. 19. This photograph is registered under TX0004083613 as part of Plaintiff's registration of his book, Hunting Dinosaurs. Id., citing Compl. ¶ 33; Aggarwal Decl. Ex. 17 (PL000014); Psihoyos Aff. ¶¶ 22-24; Nelson Decl. Ex. 20. The Court's Order dated September 19, 2011 gave plaintiff leave to amend his complaint to correct this alleged in the original Complaint. Accordingly, this claim for infringement of the Enormous Triceratops photograph will not be dismissed.

Similarly, Wiley argues that Psihoyos has failed to provide any registration numbers for the Gastroliths photograph. Wiley also argues that there is no evidence that Wiley actually used Gastroliths in Physics 8th Edition. Def. Br. at 13-14. Again, Psihoyos claims this is a mistake in the Complaint. Searching the record, Psihoyos argues, shows that Wiley used the Gastroliths image in its Visualizing Earth History book, and published it before obtaining a prospective license from Science Faction. Pl. Br. at 19-20, citing Nelson Decl. Ex. 26; Aggarwal Decl. ¶ 4; Sliwoski Aff. ¶ 37, Ex. 10. The Gastroliths photograph is registered under VA 1-761-465. Sliwoski Aff. ¶ 36,

9

Ex. 8, Ex. 10. The Court's Order dated September 19, 2011 gave plaintiff leave to amend his complaint to correct this error. Accordingly, this claim for infringement of the Gastroliths photograph will not be dismissed.

As for the 500 Televisions photograph, Psihoyos has failed to provide any registration number for this photograph. No registration number appears in plaintiff's Complaint, opposition papers to the instant motion, supporting affidavits and declarations, or his Local Rule 56.1 statement. Accordingly, this claim must be dismissed.

Turning to damages, Wiley makes three arguments for limiting plaintiff's damages as a matter of law: first, it argues, statutory damages are not available for photographs registered after Wiley's first use; second, Wiley argues, plaintiff's claims are partially barred by the statute of limitations; and third, Wiley argues, plaintiff has adduced no evidence of willful infringement. Def. Br. at 15. The Court will address each of these arguments in turn.

For statutory damages, under 17 U.S.C. § 412, the Copyright Act expressly states that no award for statutory damages is available for any infringement of a copyrighted work before its effective date of registration. Moreover, statutory damages and attorneys' fees are unavailable for an "ongoing

10

series" of infringing acts where the first act occurred before registration. Troll Co. v. Uneeda Doll Co., 483 F.3d 150, 158 (2d Cir. 2007). Thus, plaintiff must show that his registration of each photograph that he claims was infringed predates defendant's first infringing use. Of the remaining claims, only the Gastroliths photograph registration postdates Wiley's alleged infringement. The photograph's registration was effective on February 2, 2011. Sliwoski Aff. ¶ 36, Ex. 8. Wiley, however, began using this photograph on October 6, 2008, when Visualizing Earth History was published. See Def. 56.1 ¶ 5; Pl. 56.1 ¶ 5; Nelson Decl. Ex. 26. Accordingly, with the exception of the Gastroliths photograph, plaintiff may seek statutory damages on all remaining claims.

As for the statute of limitations, under 17 U.S.C. § 507(b) the statute of limitations for a copyright infringement claim is three years after the claim accrues. See Stone v. Williams, 970 F.2d 1043, 1049-50 (2d Cir. 1992). Wiley argues that the general rule in federal statute of limitations is a time-of-injury rule, not a time-of-discovery rule, see TRW, Inc. v. Andrews, 534 U.S. 19 (2001), and that this rule applies to copyright infringement cases. See Roberts v. Keith, No. 04 Civ. 10079, 2006 WL 547252, at *3 (S.D.N.Y. Mar. 7, 2006); Auscape Int'l v. Nat'l Geographic Soc'y, 409 F. Supp. 2d 235, 247

11

(S.D.N.Y. 2004). Because Psihoyos filed suit on March 1, 2011, Wiley argues, Psihoyos's damages are limited to infringing acts occurring on or after March 1, 2008.

But according to the Second Circuit's opinion in Stone v. Williams, 970 F.2d 1043 (2d Cir. 1992), the statute of limitations in copyright infringement cases runs from the time plaintiff discovers the infringing use. Id. at 1048. TRW did not change this. Indeed, the Supreme Court's holding in TRW was not as broad as defendant asserts, and applies only where Congress expressly states that the statute of limitations runs from the date on which the liability arises. TRW, Inc., 534 U.S. at 28. No such congressional instruction appears in section 507(b). Plaintiff discovered the alleged infringement in 2010. See Nelson Decl. Ex. 1-3. Accordingly, plaintiff's claims are not barred by the statute of limitations.

Wiley also argues that because Psihoyos has shown no affirmative evidence of bad faith, willful blindness, or reckless disregard, statutory damages for "willful" infringement are unavailable. Def. Br. at 18-20, citing, e.g., Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir. 2005); Digital Filing Sys., L.L.C. v. Agarwal, No. 03-70437, 2005 WL 1702954, at *3 (E.D. Mich. July 20, 2005). Given that the evidence shows Wiley attempted to immediately rectify the

situation upon discovering its oversight, and the lack of any evidence of bad faith to the contrary, Wiley argues Psihoyos cannot establish willfulness. Def. Br. at 20.

Psihoyos, however, argues that for the purpose of awarding enhanced statutory damages, an infringement is willful if the defendant acted recklessly or had actual or constructive knowledge that its actions constitute an infringement. Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1115 (2d Cir. 1986). Willfulness need not be proven directly but may be inferred from the defendant's conduct. N.A.S. Import Corp. v. Chenson Enterprises, Inc., 968 F.2d 250, 252 (2d Cir. 1992). Here, plaintiff has pointed to an arguable pattern of knowing and continued infringing publication on the part of defendant. See Pl. Br. at 29-30; 9/14/11 Oral Arg. Tr. at 10:18-11:25.

Accordingly, plaintiff argues, there is a genuine dispute of material fact on whether defendant acted willfully. The Court agrees, and therefore denies defendant's motion for summary judgment on the issue of willfulness.

For the foregoing reasons, the Court reaffirms its September 19, 2011 Order granting defendant's motion for summary judgment in part and denying the motion in part.

                                                    JED S. RAKOFF, U.S.D.J.

Dated:    New York, New York
           October 13, 2011

13