UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LOUIS PSIHOYOS,                              :    11-cv-01416 (JPO)

                                             :

                          Plaintiff,         :    ECF Case

              -against-                      :

JOHN WILEY & SONS, INC.,                     :

                                             :

                          Defendant.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS**


Christopher P. Beall (CB-4590)
LEVINE SULLIVAN KOCH & SCHULZ, LLP
321 W. 44th Street, Suite 510
New York, NY 10036
(212) 850-1100


Ashima Aggarwal (AA-1444)
JOHN WILEY & SONS, INC.
111 River Street
Hoboken, NJ 07030
(201) 748-7862


*Attorneys for Defendant John Wiley & Sons, Inc.*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ...................................................................................................................... 4

   I.  THIS COURT SHOULD DENY PLAINTIFF'S MOTION FOR ATTORNEY'S
       FEES AND COSTS ................................................................................................. 4

      A.  Psihoyos' Mixed Success Means That He Has Not Prevailed Sufficiently For
          Purposes Of Recovering Fees .................................................................... 5

      B.  Psihoyos Has Not Shown That Wiley's Defense Was Objectively
          Unreasonable ............................................................................................. 7

         1.  Wiley's defense based on the Science Faction license for "Fossilized
            Dinosaur Tracks" was not objectively unreasonable ............................... 7

         2.  The jury's finding of willful infringement does not establish that Wiley's
            defenses were objectively unreasonable ................................................. 8

         3.  There is no basis for finding any of Wiley's defenses to be objectively
            unreasonable ........................................................................................... 10

      C.  There Are No Considerations Of Compensation And Deterrence That Warrant
          A Fee Award In This Case ........................................................................ 12

      D.  There Is No Basis For Imposing Attorney's Fees On The Grounds Of Alleged
          Discovery Abuse ...................................................................................... 13

  II.  EVEN IF PSIHOYOS WERE TO BE AWARDED ANY OF HIS ATTORNEY'S
       FEES, THE AMOUNT SOUGHT BY THE PLAINTIFF'S MOTION IS
       UNREASONABLY HIGH ................................................................................... 15

      A.  Plaintiff's Fee Application Ignores The Extremely Limited Degree Of Success
          He Achieved Over The Course Of This Litigation .................................... 15

         1.  Applicable law ........................................................................................ 15

         2.  Psihoyos achieved only a limited degree of success and should not recover
            fee for work on claims or issues on which he did not prevail ................... 16

      B.  The Hourly Rates Requested By Plaintiffs' Counsel Are Grossly Excessive
          And Not Based On The Market .................................................................. 19

      C.  The Billing Statements Submitted By Plaintiff's Counsel Are Woefully
          Inadequate ................................................................................................ 23

      D.  Most Items Of Costs Sought by the Plaintiff Are Not Recoverable .......................... 25

CONCLUSION .................................................................................................................. 27

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amarel v. Connell,*
   102 F.3d 1494 (9th Cir. 1996) ...................................................................6

*AMC Film Holdings LLC v. Rosenberg,*
   No. 03-CV-3835(DRH)(ARL), 2006 WL 2827860 (E.D.N.Y. Sept. 29, 2006).....................26

*AMEX Assurance Co. v. Caripides,*
   179 F. Supp.2d 309 (S.D.N.Y. 2002), *aff'd,* 316 F.3d 154 (2nd Cir. 2003) ............................8

*Ann Howard Designs, L.P. v. S. Frills, Inc.,*
   7 F. Supp. 2d 388 (S.D.N.Y. 1998) ..............................................7, 10

*Antonmarchi v. Consol. Edison Co. of N.Y., Inc.,*
   No. 03-cv-7735, 2012 WL 3126004 (S.D.N.Y. Jul. 21, 2012)....................20, 21, 24

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,*
   493 F.3d 110 (2d Cir. 2007), *amended on other grounds,* 522 F.3d 182 (2d Cir. 2008)............
   .................................................................................................19, 20

*ARP Films, Inc. v. Marvel Entm't Grp., Inc.,*
   952 F.2d 643 (2d Cir. 1991).....................................................................5

*Blum v. Stenson,*
   465 U.S. 886 (1984)...............................................................................21

*Bourne Co. v. MPL Commc'ns, Inc.,*
   678 F. Supp. 70 (S.D.N.Y.1988) ..........................................................11

*Bourne Co. v. Walt Disney Co.,*
   91 Civ. 0344, 1994 WL 263482 (S.D.N.Y. June 10, 1994), *aff'd,* 68 F.3d 621 (2d Cir.
   1995) ...................................................................................................12

*Boz Scaggs Music v. KND Corp.,*
   491 F. Supp. 908 (D. Conn. 1980) .........................................................11

*Cabell v. Sony Pictures Entm't, Inc.,*
   No. 09 Civ.-1610 (WHP), 2011 WL 92765 (S.D.N.Y. Jan. 7, 2011)........................12

*Cartier Int'l B.V. v. Gorski,*
   No. 3:0CV 01948(PCD), 2003 WL 25739624 (D. Conn. Apr. 30, 2003)............................25

*Childress v. Taylor,*
   835 F. Supp. 739 (S.D.N.Y. 1993) .........................................................16

*Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*,
    246 F.3d 142 (2d Cir. 2001)..................................................................................13, 15

*DiBella v. Hopkins*,
    407 F. Supp. 2d 537 (S.D.N.Y. 2005).......................................................................26

*Divane v. Mitchell Security Sys., Inc.*,
    No. 07 C 0567, 2008 WL 938381 (N.D. Ill. Apr. 7, 2008)......................................19

*Encyclopaedia Britannica Educ. Corp. v. Crooks*,
    542 F. Supp. 1156 (W.D.N.Y.1982).........................................................................12

*Farbotko v. Clinton Cnty. of N.Y.*,
    433, F.3d 204, 209 (2d Cir. 2005)........................................................................20, 21

*Fink v. City of N.Y.*,
    154 F. Supp. 2d 403 (E.D.N.Y. 2001) .......................................................................25

*Fitzgerald v. CBS Broad., Inc.*,
    491 F. Supp. 2d 177 (D. Mass. 2007) ..........................................................................9

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517 (1994)...................................................................................4, 5, 12

*Getaped.com, Inc. v. Cangemi*,
    188 F. Supp. 2d 398 (S.D.N.Y. 2002).........................................................................5

*Gierlinger v. Gleason*,
    160 F.3d 858 (2d Cir. 1998).....................................................................................20

*Ginsberg v. Valhalla Anesthesia Assocs., P.C.*,
    No. 96 Civ. 6462, 1998 WL 19997 (S.D.N.Y. Jan. 20, 1998)..................................26

*Granville v. Suckafree Records, Inc.*,
    No. CIV.A. H-03-3002, 2006 WL 2520909 (S.D. Tex. June 28, 2006)......................6

*Greenwich Films Prods., S.A. v. D.R.G. Records, Inc.*,
    40 U.S.P.Q.2d (BNA) 1223, 1996 WL 502336 (S.D.N.Y. 1996) ..............16, 17, 18

*Guardians Ass'n of Police Dep't of N.Y. v. City of New York*,
    133 Fed. App'x 785 (2d Cir. 2005).........................................................................24

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)..................................................................................................16

*Historical Research v. Cabral*,
    80 F.3d 377 (9th Cir. 1996) .........................................................................................8

*In Design v. K-Mart Apparel Corp.*,
  13 F.3d 559 (2d Cir. 1994), *overruled on other grounds by Fogerty v. Fantasy, Inc.*,
  510 U.S. 517 (1994)...................................................................................................17

*In Design v. K-Mart Apparel Corp.*,
  No. 87 CIV. 8397 (AGS), 1996 WL 4122 (S.D.N.Y. Jan. 3, 1996).......................................17

*Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC*,
  No. 01 Civ. 6600, 2010 U.S. Dist. LEXIS 83798 (S.D.N.Y. Aug. 9, 2010) .........................26

*Island Software & Computer Serv. Inc. v. Microsoft Corp.*,
  413 F.3d 257 (2d Cir. 2005)...........................................................................................9

*Johnson v. Ga. Highway Express, Inc.*,
  488 F.2d 714 (5th Cir.1974), *overruled on other grounds by Blanchard v. Bergeron*,
  489 U.S. 87 (1989)........................................................................................................20

*Margel v. E.G.L. Gem Lab Ltd.*, No. 04-CV-1514, 2009 WL 302069 (S.D.N.Y. Feb. 6,
  2009) ...........................................................................................................................23

*Langman Fabrics v. Samsung Am., Inc.*,
  997 F. Supp. 479 (S.D.N.Y. 1998) ...................................................................................7

*Lotus Dev. Corp. v. Borland Int'l, Inc.*,
  140 F.3d 70 (1st Cir. 1998)..............................................................................................18

*Maisel v. McDougal Littell*,
  No. 06-cv-00765-LMM .................................................................................................23

*Marchisotto v. City of N.Y.*,
  No. 05-cv-2699, 2009 WL 2229695 (S.D.N.Y. July 27, 2009)..............................................22

*Marisol A. ex rel. Forbes v. Giuliani*,
  111 F. Supp. 2d 381 (S.D.N.Y. 2000)...............................................................................19

*Martin v. City of Indianapolis*,
  192 F.3d 608 (7th Cir. 1999) ...........................................................................................9

*Matthew Bender & Co. v. West Publ'g Co.*,
  240 F.3d 116 (2d Cir. 2001)................................................................................... passim

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA–ILA Pension Trust Fund*,
  450 F.3d 91 (2d Cir. 2006)..............................................................................................24

*Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*,
  290 F.3d 98 (2d Cir. 2002)................................................................................................4

*Miroglio S.P.A. v. Conway Stores, Inc.*,
629 F. Supp. 2d 307 (S.D.N.Y. 2009)..................................................................23, 24

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*,
No. 1:09-cv-02669-LAP ....................................................................................23

*N.A.S. Import, Corp. v. Chenson Enters., Inc.*,
968 F.2d 250 (2d Cir. 1992)...........................................................................16, 17

*Oboler v. Goldin*,
714 F.2d 211 (2d Cir. 1983)...................................................................................15

*Orgel v. Clark Boardman Co.*,
301 F.2d 119 (2d Cir. 1962)....................................................................................4

*Pascuiti v. N.Y. Yankees*,
108 F. Supp. 2d 258 (S.D.N.Y. 2000)....................................................................19

*Penguin Books U.S.A. Inc. v. New Christian Church of Full Endeavor, Ltd.*,
No. 96 Civ. 4126(RWS), 2004 WL 728878 (S.D.N.Y. Apr. 6, 2004)......................7

*Photoworkshop.com, Inc. v. Maisel*,
No. 1:09-cv-05307-DC ..........................................................................................23

*Poparic v. European Music and Video Store*,
No. CV 08-2081(KAM)(JO), 2009 WL 6318212 (E.D.N.Y. Dec. 16, 2009) ..........22

*Roth v. Pritikin*,
787 F.2d 54 (2d Cir. 1986).......................................................................................4

*Rozell v. Ross-Holst*,
576 F. Supp. 2d 527 (S.D.N.Y. 2008)...........................................................16, 20, 21

*Scanlon v. Kessler*,
23 F. Supp. 2d 413 (S.D.N.Y. 1998).............................................................16, 25

*Semerdjian v. McDougal Littell*,
No. 1:07-cv-07496-LMM ...................................................................................23

*Silberstein v. Fox Entm't Grp., Inc.*,
536 F. Supp. 2d 440 (S.D.N.Y. 2008)...................................................................7, 8

*Simmons v. N.Y. City Transit Auth.*,
575 F.3d 170 (2d Cir. 2009)...................................................................................20

*Simmons v. N.Y. City Transit Auth.*,
No. CV-02-1575 (CPS)(RLM), 2008 WL 630060 (E.D.N.Y. Mar. 5, 2008)..........25

*Tiffany (NJ) Inc. v. eBay, Inc.*,
  576 F. Supp. 2d 463 (S.D.N.Y. 2008), *aff'd in relevant part*, 600 F.3d 93 (2nd Cir.
  2010) ...................................................................................................................................9

*Twentieth Century Fox Film Corp. v. Streeter*,
  438 F. Supp. 2d 1065 (D. Ariz. 2006) ..............................................................................8

*United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*,
  95 F.3d 153 (2d Cir. 1996)................................................................................................25

*Van Der Zee v. Greenidge*,
  No. 03 Civ. 8659 (RLE), 2006 WL 44020 (S.D.N.Y. Jan.6, 2006)..................................22

*Vernon v. Port Auth. of N.Y. & N.J.*,
  220 F. Supp. 2d 223 (S.D.N.Y. 2002)...............................................................................13

*Video Views, Inc. v. Studio 21, Ltd.*,
  925 F.2d 1010 (7th Cir. 1991) ............................................................................................6

*Warner Bros. Inc. v. Dae Rim Trading, Inc.*,
  877 F.2d 1120 (2d Cir. 1989).........................................................................................4, 5

*Wu v. Pearson Education, Inc.*,
  277 F.R.D. 255 (S.D.N.Y. 2011) ......................................................................................21

*Zampino v. Supermarkets Gen. Corp.*,
  No. CIV. A. 90-7234, 1994 WL 470338 (E.D. Pa. Aug. 31, 1994) ..................................25

**STATUTES**

17 U.S.C. § 411(a) ...................................................................................................................11

17 U.S.C. § 505..............................................................................................................passim

**OTHER AUTHORITIES**

4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.10[C] (2000).............15

4 MELVILLE D. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.10[D][1] (2012)........12

Local Civil Rule 54.1(c) .........................................................................................................25

Local Civil Rule 54.1(c)(1).....................................................................................................27

Local Civil Rule 54.1(c)(2).....................................................................................................26

Local Civil Rule 54.1(c)(3).....................................................................................................26

FED. R. CIV. P. 54(d) .................................................................................................................6

Defendant John Wiley & Sons ("Wiley") respectfully submits this memorandum of law in opposition to the request by Plaintiff Louis Psihoyos ("Psihoyos") for an award of attorney's fees and costs under Section 505 of the Copyright Act.[1]   Wiley anticipates that it will shortly file its own motion for new trial or remittitur, on the grounds of the shocking and unprecedented statutory damages award rendered by the jury on August 1, 2012.  In that context, the Court may wish to defer its consideration of Plaintiff's Motion for Award of Fees and Costs Pursuant to 17 U.S.C. § 505 ("Motion") (Doc. #90, filed Aug. 6, 2012) until such time as Wiley's forthcoming motion for post-trial relief is resolved.  As discussed below, because of the proportionality requirement between a fee recovery and a damages award, any reduction by the Court of the plaintiff's statutory damages award would necessarily affect any fee recovery by Psihoyos.

## PRELIMINARY STATEMENT

Fresh on the heels of his unconscionable jury verdict of $130,750 in statutory damages, Psihoyos' counsel now seeks to expand his windfall with a punitive and shamelessly unreasonable award of fees and costs in the amount of $593,533.12.  (The Motion seeks $548,370 in fees for the work of just two lawyers, and a further $44,163.12 in costs covering everything from the plaintiff's hotel accommodations to transcripts the plaintiff never used.)  Indeed, the plaintiff's Motion is yet another example of his continuing strategy of "asking high" so as to recover far above what any non-exclusive use of his photos is worth – a play for a judgment in which three fungible stock photos that Psihoyos licensed for a mere $519 in total are transmuted into nearly three-quarters of a million dollars.

---

[1] Wiley's opposition is supported by the accompanying Declarations of William Dunnegan and Ashima Aggarwal (including a separate confidential supplemental declaration), and the Defendant's Exhibits in Support of the Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees and Costs.

This kind of ratcheting up of the plaintiff's monetary demands cannot be sustained under the law nor the facts of this case.  The fee award the plaintiff seeks here is precisely the kind of windfall that is not permitted under the Copyright Act, and its sheer chutzpah tellingly demonstrates precisely why Wiley was forced to go to trial in the first place, in a case where Wiley already had conceded that liability for two photos.  In this vein, a fee recovery of the size sought by Psihoyos would create powerful incentives for the cottage industry of photographers' counsel suing textbook publishers, signaling to them all that they should refuse all settlement offers so as to achieve a recovery where the fee award functions as a punitive damages award on top of whatever arbitrary statutory damages the jury might be inflamed into awarding.

The plaintiff's cynical maneuver in this Motion is all the more disconcerting because, despite his voluble contentions of overwhelming success, the outcome of this case *as a whole* was certainly not a substantial success for Psihoyos.  The plaintiff initially brought suit on the strength of eight photos, seeking maximum statutory damages.  He then sought to expand the case to encompass photos he had never pleaded, in books he had never identified, essentially seeking damages for every photo of his that Wiley had ever used.  In the face of that breathtaking scope of his claims, Psihoyos recovered on just three photos, only two of which were found to be willfully infringed, and those two being the ones for which Wiley had conceded liability.

Indeed, throughout this case, it has been Wiley that has prevailed every step of the way.  Wiley prevailed on the plaintiff's frivolous motion to compel discovery.  Wiley prevailed on the plaintiff's motion for a preliminary injunction.  Wiley prevailed in dismissing four of the photos on summary judgment.  Wiley prevailed on the plaintiff's motion for reconsideration of the summary judgment ruling.  And, in the preparations for trial, Wiley prevailed on its motion in limine.  In a case where Wiley confessed liability as to two of the remaining four photos that

were left for trial, Psihoyos' purported half-a-million dollars in attorneys' fees managed to add just one finding of liability (at a mere $750) to the bottom line.

In this context, and under the case law in this Circuit, Psihoyos has failed to demonstrate *any* entitlement to *any* attorney's fees, first because Psihoyos has failed to show that he is the prevailing party with respect to the case *as a whole*, where Wiley and not Psihoyos prevailed on more than half the photos Psihoyos originally pleaded, and second because Psihoyos has failed to show that Wiley's defense against the plaintiff's claims throughout the life of the case was objectively unreasonable.  The law is clear that the discretionary decision to award any attorney's fees in the first instance requires a review of whether the defendant's positions in the case were objectively unreasonable.  In light of Wiley's pervasive success, in which it overcame liability claims on five out of the eight photos original pleaded, and it overcame the plaintiff's requests for expansive discovery, for a preliminary injunction, for summary judgment, for reconsideration, and for irrelevant trial testimony, Wiley's defense here simply cannot be deemed objectively unreasonable.

Nevertheless, to the extent the Court disagrees and concludes in its discretion that Psihoyos is entitled to some award of attorney's fees and costs, the amount requested by the plaintiff is quite plainly out of touch with reality.  The requested fees fail to acknowledge the very limited degree of success Psihoyos achieved, and fail to account for the fact that Psihoyos' counsel already will recover a portion of the plaintiff's statutory damages award through their contingency-fee engagement with Mr. Psihoyos.  The Motion seeks recovery for work that was not successful, based on hourly rates that have no relationship to the market value of the attorneys' services, arising from woefully inadequate billing records that nonetheless show

extensive duplication of effort.  Moreover, as for Psihoyos' requested litigation costs, all but a fraction are barred under settled law.

Thus, and as discussed more fully below, the Motion should be denied in its entirety, or in the alternative, if any fees are to be awarded, they must be proportionate to the plaintiff's recovery and the extremely limited degree of success he achieved.

## ARGUMENT

## I.

## THIS COURT SHOULD DENY PLAINTIFF'S<br>MOTION FOR ATTORNEY'S FEES AND COSTS

Under Section 505 the Copyright Act, no party is ***entitled*** to recover attorney's fees and costs as a matter of course.  Rather, fees are to be awarded solely as a matter of discretion, and solely when the moving party establishes that it has prevailed in the case as a whole, in a context where the adverse party's litigation position is shown to have been objectively unreasonable. *See Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126-27 (2d Cir. 1989).  In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994), the U.S. Supreme Court rejected the notion that fees should be awarded as a matter of course in a copyright infringement case and held instead that fees should be awarded "***only as a matter of the court's discretion***."  *Id*. at 534 (emphasis added); *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 117 (2d Cir. 2002) (holding that attorney's fees "are not automatic" and affirming denial of fees).

In the Second Circuit, "[t]he provision authorizing attorneys' fees 'has been sparingly used and the amounts awarded modest.'"  *Roth v. Pritikin*, 787 F.2d 54, 57 (2d Cir. 1986) (quoting *Orgel v. Clark Boardman Co.*, 301 F.2d 119, 122 (2d Cir. 1962)).  While there is no precise rule for determining when an award of attorney's fees is appropriate, courts in the Second Circuit consider the following nonexclusive factors in deciding whether to award fees:

"frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121-22 (2d Cir. 2001) (citing *Fogerty*, 510 U.S. at 534, n.19).  Furthermore, fees may only be awarded when such an award would be "faithful to the purpose of the Copyright Act."  *Id.*; *see also Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 406 (S.D.N.Y. 2002).  Of these factors, the Second Circuit has said that the objective reasonableness of a losing party's litigation position "is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted."  *Matthew Bender*, 240 F.3d at 122.

Under these factors, an award of fees and costs would be inappropriate.

## A.    Psihoyos' Mixed Success Means That He Has Not Prevailed Sufficiently For Purposes Of Recovering Fees

The case law makes clear that when a plaintiff has achieved only mixed success, and in particular, when a plaintiff's limited or partial success is off-set by substantial success achieved by the defendant during the case as a whole, then even a plaintiff that has recovered some amount of a jury award may be found not to qualify as "the prevailing party" for purposes of a fee recovery under 17 U.S.C. § 505.  *See Warner Bros.*, 877 F. 2d at 1126 (holding that a plaintiff was not entitled to an award of fees when both sides could be deemed to be prevailing parties:  "Viewed in the light of the litigation as a whole, neither Warner's nor Dae Rim's success was sufficiently significant to mandate an award of attorneys' fees.  Warner sued for infringement of both the 'Gizmo'" and 'Stripe'" copyrights.  Its withdrawal of the latter claim in effect made the defendants the prevailing parties on that issue." (citations omitted)); *ARP Films, Inc. v. Marvel Entm't Grp., Inc.*, 952 F.2d 643, 651 (2d Cir. 1991) ("In view of the mixed outcome of this litigation, the district court was well within its discretion in concluding that

plaintiffs were not prevailing parties within the meaning of section 505 or Fed. R. Civ. P. 54(d), and accordingly were not entitled to costs or attorneys' fees."); *see also Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1022 (7th Cir. 1991) ("We agree with the district court's finding that neither Video Views, who prevailed on but two of its seven infringement claims, nor Studio 21, who wound up on the wrong end of a $10,000 judgment, can be deemed the 'prevailing party.'"); *Granville v. Suckafree Records, Inc.*, No. CIV.A. H-03-3002, 2006 WL 2520909, at *2 (S.D. Tex. June 28, 2006) ("In one sense, therefore, both Plaintiff and Defendants 'prevailed' on the copyright claims or, looking at it from the backside, neither Plaintiff nor Defendants can be regarded as the prevailing party."); *cf. Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs.").

In this case, Psihoyos initially sought to recover maximum statutory damages and injunctive relief on a total of eight photographs.  Psihoyos' claims with respect to four of those photos were dismissed on summary judgment, rendering Wiley the prevailing party as to those claims.  Psihoyos recovered nothing on a fifth photograph that the jury found not to be infringed, and he recovered only minimum statutory damages of $750 on a sixth photograph that the jury concluded had not been willfully infringed.  In this regard, then, Psihoyos failed to prevail on fully three-quarters of his claims, not to mention his loss of preliminary injunctive relief as an interlocutory matter and then his abandonment of such relief as a permanent remedy at trial.

Thus, the outcome in this case fits quite squarely within the category of a proceeding where neither side should be regarded as the prevailing party because both sides prevailed on substantial aspects of the case.  *See Granville*, 2006 WL 2520909, at *5.

**B.**     **Psihoyos Has Not Shown That Wiley's Defense Was
Objectively Unreasonable**

In addition to considering whether Psihoyos qualifies as the prevailing party in this case

as a whole, the Court also must consider whether Psihoyos has shown that Wiley's defense was

objectively unreasonable.  *See Matthew Bender*, 240 F.3d at 122.  A defense is not objectively

unreasonable simply because it proved to be unsuccessful.  *Ann Howard Designs, L.P. v. S.

Frills, Inc*., 7 F. Supp. 2d 388, 390 (S.D.N.Y. 1998); *Langman Fabrics v. Samsung Am., Inc.*,

997 F. Supp. 479, 481 (S.D.N.Y. 1998).  Indeed, only those defenses "that are clearly without

merit or otherwise ***patently devoid of legal or factual basis*** ought to be deemed objectively

unreasonable." *Silberstein v. Fox Entm't Grp., Inc.*, 536 F. Supp. 2d 440, 444 (S.D.N.Y. 2008)

(emphasis added) (quoting *Penguin Books U.S.A. Inc. v. New Christian Church of Full

Endeavor, Ltd.*, No. 96 Civ. 4126(RWS), 2004 WL 728878, at *3 (S.D.N.Y. Apr. 6, 2004)).  No

such finding has been made, nor could it.  *See, e.g.*, Decl. of A. Aggarwal ("Aggarwal Decl.")

¶ 2, filed herewith.

Here, Psihoyos advances two spurious reasons why he claims Wiley's behavior in this

litigation was "objectively unreasonable":  First, because Wiley asserted, both at summary

judgment and at trial, that it had obtained a license from Science Faction to publish "Fossilized

Dinosaur Tracks," and second, because the jury returned a verdict finding willful infringement of

"Enormous Triceratops Skeleton" and "8-Foot Long Nesting Dinosaur," thereby rejecting

Wiley's evidence to the contrary.  *See* Mot. at 3-5.  However, neither of these arguments

supports a finding that Wiley's positions in this litigation were objectively unreasonable.

**1.**     **Wiley's defense based on the Science Faction license for "Fossilized Dinosaur
Tracks" was not objectively unreasonable**

Throughout this case, Wiley's position with respect to its use of the "Fossilized Dinosaur

Tracks" photo in the *Visualizing Geology 2e* book was that its use was authorized pursuant to the

permission invoice issued by Science Faction based upon Wiley's purchase order for that photo and Wiley's payment of $175 for that permission.  Psihoyos' rejoinder at trial was to argue that the photo licensed by Science Faction was different – in barely noticeable ways – from the photo that Wiley had actually asked for permission to use, based on Wiley's earlier use of that slightly different photo in earlier books.  As the testimony from Wiley's photo manager Hilary Newman established without contradiction, she was not aware at the time of the invoicing from Science Faction that the photo being offered for license by Science Faction was different from the photo that Wiley had used in its prior books and which she was seeking permission to use again.  In light of this mistake of fact, which neither Wiley nor Science Faction recognized at the time, it was not at all unreasonable for Wiley to pursue a defense of license based on the Science Faction license for the "Fossilized Dinosaur Tracks" photo.  *Cf. AMEX Assurance Co. v. Caripides*, 179 F. Supp.2d 309, 321 (S.D.N.Y. 2002) ("Generally, a contract entered into under a mutual mistake of fact is subject to rescission or reformation." (citing cases)), *aff'd*, 316 F.3d 154 (2nd Cir. 2003).  Moreover, the fact that the jury found only non-willful infringement as to this photo underscores the reasonableness of Wiley's defense.  *Silberstein*, 536 F. Supp. 2d at 444.

2. **The jury's finding of willful infringement does not establish that Wiley's defenses were objectively unreasonable**

Although the jury did find that two of the four photos upon which Psihoyos proceeded to trial had been willfully infringed, that verdict does ***not***, *ispo facto*, establish that Wiley's legal position (arguing and presenting evidence to defeat a showing of willfulness) was objectively unreasonable.  *See, e.g.*, *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) ("willful infringement does not, in itself, compel an award of attorney's fees." (citing *Historical Research v. Cabral*, 80 F.3d 377, 379 (9th Cir. 1996))).  Indeed, the fact that the jury indicated after more than a full day of its deliberations that it was "deadlocked on all

counts," apparently including on the question of willfulness, underscores the point that the issue of willfulness was a close one in this case.[2]

Wiley had presented candid – and uncontradicted – testimony from the employees involved in the unauthorized use of these two photos, that is, from Hilary Newman, Elle Wagner, and Lisa Suarez, that these staffers had not consciously or intentionally sought to use Psihoyos' photos without permission or in excess of permission. Wiley's evidence clearly established that the unauthorized use of these two photos occurred as a result of bureaucratic breakdowns in Wiley's processes that was neither knowing nor malicious. The fact that the jury ultimately concluded that the facts showed a systemic failure rising to a level of willful infringement, rather than merely negligence, was not a necessarily inevitable or automatic outcome. *See Island Software & Computer Serv. Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005) (without proof of actual knowledge of infringement, copyright owner must demonstrate "willful blindness" by infringer to be eligible for enhanced statutory damages); *Martin v. City of Indianapolis*, 192 F.3d 608, 614 (7th Cir. 1999) (holding that infringement resulting from "bureaucratic ineptitude" within a defendant organization does not amount to willfulness); *Fitzgerald v. CBS Broad., Inc.*, 491 F. Supp. 2d 177, 191 (D. Mass. 2007) (holding that infringement resulting from "negligence or simple accident" is not willful.); *cf. Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463, 515 (S.D.N.Y. 2008) ("Willful blindness requires 'more than mere negligence or mistake' and does not lie unless the defendant knew of a high probability of illegal conduct and purposefully contrived to avoid learning of it, for example, by failing to inquire further out of fear of the result of the inquiry." (quoting *Nike Inc. v. Variety Wholesalers,*

---

[2] The jury's note – stating, "We are deadlocked on all counts" – was read in open court at 9:37 a.m. on August 1, 2012, the third day of deliberations. In noting that the deadlock involved "all counts," the jury confirmed that its division encompassed the two photos for which Wiley had conceded liability and which, as a result, involved only questions of willfulness and damages.

*Inc.*, 274 F. Supp. 2d 1352, 1369-70 (S.D. Ga. 2003))), *aff'd in relevant part*, 600 F.3d 93 (2nd

Cir. 2010).  And thus, because the evidence otherwise supported Wiley's defense of negligence,

and indeed, certain jurors at least initially concurred in Wiley's non-willful defense, Wiley's

position was not objectively unreasonable.  *See Ann Howard Designs*, 7 F. Supp. 2d at 390.

### 3. There is no basis for finding any of Wiley's defenses to be objectively unreasonable

As the ultimate outcome of the case establishes, where four photos were dismissed, one

photo was found not to be infringed, and the infringement of the sixth photo was found not to be

willful, none of Wiley's defenses can possibly be characterized as "objectively unreasonable."

Quintessentially, Wiley did not act unreasonably in this case – it behaved as any litigant

would, asserting valid, credible, and largely successful defenses, albeit that some of its defenses

ultimately were rejected.  Its arguments were supported by extensive legal authorities and

credible testimonial and documentary evidence.  No position asserted by Wiley in this litigation

has been found to have been sanctionable or beyond the scope of what is provided in the Federal

Rules of Civil Procedure, or outside the bounds of legitimate, colorable defenses, and at no point

has the Court ever cautioned Wiley or even suggested displeasure for any of the defenses that

Wiley has pursued.  *See* Aggarwal Decl. ¶ 2.

Indeed, the Second Circuit has expressly rejected the notion that a defendant's vigorous,

even if ultimately unsuccessful, defense can form the basis for a finding of objective

unreasonableness.  In *Matthew Bender*, 240 F.3d at 126, the Second Circuit reversed the trial

court's award of attorney's fees on the grounds that "[t]he District Court's award essentially

punishes [defendant] for availing itself of a right provided by the Federal Rules, namely, moving

to dismiss the plaintiff's complaint.  To allow fees on this basis would be to deter the exercise of

rights afforded to litigants in federal court."

Moreover, the trial of this matter constituted the first occasion, ever, that a case such as this one – involving allegations of infringement based on an over-run of a permission invoice for a stock photo – had ever gone to trial.  There was, and is, no precedent for a statutory damages award in the six figures for a photograph that routinely is licensed on a non-exclusive basis for only a couple of hundred dollars.  Nor was there any precedent for assessing the value of a photograph that functions as a fungible, ordinary illustration in a huge textbook with hundreds of other photographs, and vast numbers of additional illustrations, charts, and graphs, not to mention the thousands of words of text.  In this context, Wiley's defenses simply cannot be characterized as unreasonable because there was, and is, no contrary precedent to preclude them.  Psihoyos is asking this Court to penalize Wiley simply for behaving like any other defendant in a lawsuit and, in so doing, argues, in effect, that defendants in copyright actions should capitulate or face the certainty of having to pay a plaintiff's attorney's fees.  Such a rule is contrary not only to the nature of the American adversarial system, but also to the edict that attorney's fees are to be awarded selectively in copyright cases.

Finally, this lawsuit also involved certain unsettled issues of law that were vigorously litigated by Wiley in good faith, including:

- applicability of a copyright registration to a substantially similar but literally different photograph, for purposes of the registration requirement in 17 U.S.C. § 411(a), and

- application of the "injury rule" to determine the date of accrual of an infringement claim, for purposes of calculating the statute of limitations.

Courts have repeatedly recognized that "the presence of a complex or novel issue of law that the defendants litigate vigorously and in good faith" may justify the denial of an attorney's fees award to a plaintiff.  *See Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908, 915 (D. Conn. 1980); *Bourne Co. v. MPL Commc'ns, Inc.*, 678 F. Supp. 70, 72 (S.D.N.Y.1988) ("Given the

novelty of the issues involved in this action, and the lack of any bad faith on the part of defendants, the Court declines to award costs or attorney's fees to plaintiff."); *Bourne Co. v. Walt Disney Co.*, 91 Civ. 0344, 1994 WL 263482 at *2 (S.D.N.Y. June 10, 1994) ("Among the factors that may justify the denial of fees to a prevailing plaintiff is 'the presence of a complex or novel issue of law that the defendants litigate vigorously and in good faith.'"), *aff'd*, 68 F.3d 621 (2d Cir. 1995); *Encyclopaedia Britannica Educ. Corp. v. Crooks*, 542 F. Supp. 1156, 1186-87 (W.D.N.Y.1982) (interests of justice served by refusing to award fees in case involving unsettled issued); 4 MELVILLE D. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.10[D][1] at 14-148 to 14-149 (2012) ("attorney's fees should not be awarded if . . . a novel or complex question of law is involved and the losing party is acting in good faith" in the litigation).

Accordingly, in its exercise of discretion, the Court should decline to award Psihoyos any attorney's fees under 17 U.S.C. § 505.  The jury has already awarded Psihoyos (and his contingent-fee counsel) a sizeable windfall far above any showing of actual damages or Wiley's profits attributable to the plaintiff's three infringed photographs.  In light of the mixed outcome of the case as a whole, Psihoyos is not entitled to any further recovery from Wiley.

**C.     There Are No Considerations Of Compensation And
        Deterrence That Warrant A Fee Award In This Case**

As the Second Circuit and this Court have made clear on numerous occasions, among the factors that must be considered in deciding whether to grant a discretionary award of fees is "the need in particular circumstances to advance considerations of compensation and deterrence." *E.g. Matthew Bender*, 240 F.3d at 122 (quoting *Fogerty*, 510 U.S. at 534, n.19); *Cabell v. Sony Pictures Entm't, Inc.*, No. 09 Civ.-1610 (WHP), 2011 WL 92765, at *1 (S.D.N.Y. Jan. 7, 2011).

In this case, however, the inordinate statutory damage award more than fully vindicates the considerations of compensation and deterrence.  The jury's verdict amounts to more than ***two***

*hundred and fifty times* the license fee that Psihoyos charged for the three photos on which he prevailed, that is 2,519% of the $519 that Science Faction invoiced for these three stock photos. Indeed, looking solely at the one statutory damage award of $100,000, for the "Triceratops" photo, Psihoyos' award exceeds more than *four hundred and fifty times* the non-exclusive license fee for the work.  To say that Psihoyos' statutory damages award already ensures him full compensation is the height of understatement.

In addition, Psihoyos' contingent-fee counsel already will be recovering their own cut from the jury's award, based on their retention of whatever (unspecified) contingency Psihoyos agreed to provide to them in the event of a recovery, thereby ensuring compensation for the plaintiff's attorneys as well.[3]

Finally, as for deterrence, as the evidence at trial demonstrated without contradiction, Wiley has already expended substantial amounts of money to develop new systems to avoid the kind of unauthorized use of stock photos that occurred in this case.  This remedial effort by Wiley fully meets any need for deterrence, and hence there is no need to render a fees award so as to ensure some deterrence value in the ultimate judgment in this case.

**D.    There Is No Basis For Imposing Attorney's Fees On
         The Grounds Of Alleged Discovery Abuse**

As separate grounds for this Motion, Psihoyos also asks for a fee award as a means to *punish* Wiley for its alleged misdeeds in litigating this action.  This argument borders on fantasy.

---

[3] On cross-examination at trial, Psihoyos confirmed that his attorneys are representing him under a contingent fee arrangement, but at no point – including in connection with this motion – has Psihoyos produced a copy of that fee agreement.  The absence of such a submission in support of this fee petition is itself grounds to deny or reduce the requested award.  *See, e.g.*, *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001); *Vernon v. Port Auth. of N.Y. & N.J.*, 220 F. Supp. 2d 223, 230 (S.D.N.Y. 2002).

Moreover, there is no indication that either Psihoyos or his contingent-fee counsel require any award of fees in this case as a motivation to file cases or pursue litigation.  Indeed, as the testimony at trial indicated, in which Psihoyos conceded that he has "made millions" from his copyright litigation, both he and his attorneys have been richly rewarded to date by threatened litigation and resulting settlements.

Plaintiff asserts, based exclusively on the unproven *allegations* of his counsel, that Wiley engaged in discovery abuse in refusing to produce records allegedly in its possession that would help Psihoyos establish purported widespread, rampant copyright infringement of other Psihoyos photos, other than those actually pleaded in this case, as well as the photos of other photographers who were never parties to the proceeding. *See* Mot. at 6-10 (asserting that "Defendant's counsel apparently did not take the [discovery] obligations imposed by the Federal Rules seriously in this case, and its discovery abuses can and should be considered by the Court in awarding fees and costs." (no authority cited)).

Notably, however, Plaintiff points to no *finding* by this Court of any discovery abuse by Wiley with respect to Wiley allegedly withholding evidence concerning other alleged infringements, and for good reason: *There has been no such finding*.  In fact, the Court (Judge Rakoff) *DENIED* Plaintiff's motion to compel production of the records that the plaintiff now contends Wiley improperly withheld, finding that Psihoyos' requests for records beyond those related to photos at issue in the Complaint amounted to an improper fishing expedition and was "grossly overbroad."  *See* Aggarwal Decl. ¶ 5.  At base, the plaintiff's four full pages of ranting about an alleged cover-up by Wiley, asserting that Wiley nefariously intended to subvert the discovery of the truth, is nothing but the product of counsel's own imagination and an attempt to bias this Court with hyperbolic reactions to prior rulings by Judge Rakoff, and which the Court (through Judge Oetken) has said it will not revisit.  Were such vitriolic (and unfounded) claims of "discovery abuse" the basis for an award of attorney's fees in civil litigation, such awards

would be ubiquitous.  In short, there is simply no adjudicated finding of "discovery abuse" that

warrants the imposition of a penalty or punishment for imaginary misconduct.[4]

## II.

### EVEN IF PSIHOYOS WERE TO BE AWARDED ANY OF HIS ATTORNEY'S FEES, THE AMOUNT SOUGHT BY THE PLAINTIFF'S MOTION IS UNREASONABLY HIGH

If the Court concludes that Psihoyos should be awarded some amount of fees and costs,

which Wiley submits should not be the case, the Court must then proceed to determining what

would be a reasonable fee in this case.  This additional briefing is intended to guide that

process, and **_not_** to lead to any inference that Wiley believes a fee award is appropriate.

"In determining a reasonable attorney's fee, courts consider the amount of work, the skill

employed, damages at issue, and the result achieved."  *Oboler v. Goldin*, 714 F.2d 211, 213 (2d

Cir. 1983).  Applying these criteria to this case, the award sought by Psihoyos – $593,533.12, in

fees and costs – is preposterously excessive and unquestionably unreasonable.

### A.    Plaintiff's Fee Application Ignores The Extremely Limited Degree Of Success He Achieved Over The Course Of This Litigation

#### 1.    Applicable law

As noted, one of the factors the Court must consider in determining the size of a

prevailing party's fee award is "the result achieved."  *Oboler*, 714 F.2d at 213.  "A fee award

may indeed be reduced to reflect partial success by a prevailing plaintiff. . . . Indeed, 'the most

---

[4] Furthermore, to the extent that Plaintiff argues in favor of increasing the **_amount_** of any attorney's fees award, as a means of punishing or deterring Wiley, Plaintiff's request is quite plainly barred by existing law.  *See, e.g.*, *Crescent Publ'g Group, Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001) ("the emphasis on ascertaining a 'reasonable' fee also suggests the absence of a penalty beyond the punitive or deterrent policies taken into consideration in the decision to award fees in the first instance." (citing 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.10[C], at 14-145 to 14-146 & n.15 (2000) ("[T]he **_amount_** of such fee (as distinguished from the reason for its award . . .) should be based upon the reasonable value of the services rendered **_without adding any additional amount by way of penalty_**."  (emphasis added))).

critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 542 (S.D.N.Y. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).  Thus, for example, in a copyright infringement case in which plaintiff had sought $170,000 in damages but obtained a judgment of  less than $43,000, this Court reduced the plaintiff's requested attorney's fees award by two-thirds, noting "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."  *Childress v. Taylor*, 835 F. Supp. 739, 742-43 (S.D.N.Y. 1993) (quoting *Hensley*, 461 U.S. at 440); *see also Scanlon v. Kessler*, 23 F. Supp. 2d 413, 418 (S.D.N.Y. 1998) (in copyright infringement case, reducing plaintiff's fees request by two-thirds where plaintiff obtained a statutory damage far less his request).

In addition, in determining the size of any attorney's fees award under the Copyright Act, courts are called to take into account the amount of damages a Plaintiff has obtained at the end of the litigation, *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 254 (2d Cir. 1992) (holding that "the amount of damages awarded is a factor that may be considered in arriving at an appropriate award of attorney's fees"), and to consider, as well, how that amount compares to any pre-trial settlement offer the plaintiff rejected.  *See Greenwich Films Prods., S.A. v. D.R.G. Records, Inc.*, 40 U.S.P.Q.2d (BNA) 1223, 1996 WL 502336 at *2 (S.D.N.Y. 1996) (taking into consideration the amount of the pre-trial settlement offer plaintiff rejected, relative to the ultimate damages obtained, in setting the amount of attorney's fees).

### 2. Psihoyos achieved only a limited degree of success and should not recover fee for work on claims or issues on which he did not prevail

In this case, Psihoyos has failed in his claims with respect to five of the eight photos initially pleaded, and as for the sixth photo, he recovered only the minimum available statutory damages of $750.  Thus, Psihoyos effectively lost fully three-quarters of his case.  Moreover, he

also lost his effort to obtain injunctive relief, and his effort to expand the scope of the case to encompass photos beyond the eight initially pleaded.

In this context, any fee award to Psihoyos must be reduced to reflect the minimal success the plaintiff achieved, and must be reasonably proportionate to the amount of damages obtained. *Greenwich Films*, 1996 WL 502336, at *1 (S.D.N.Y. 1996) ("the amount of the attorney's fees should bear some reasonable relationship to the amount that the plaintiff realistically may hope to recover."); *N.A.S. Import, Corp.*, 968 F.2d at 254 (holding that "the amount of damages awarded is a factor that may be considered in arriving at an appropriate award of attorney's fees"); *see also In Design v. K-Mart Apparel Corp.*, 13 F.3d 559, 568 (2d Cir. 1994) ("because K-Mart's profits from infringement must be recalculated, an award of attorneys' fees, if any, must also be reconsidered"), *overruled on other grounds by Fogerty*, 510 U.S. 517.

In the remand of the *In Design* case, Judge Schwartz noted that the original damages award of $482,772.54 was reduced to $130,324.00 (***practically the exact amount that the jury has awarded here***), and he further concluded that this reduction in the amount of damages warranted a reduction in the amount of attorney's fees that had initially been awarded, from $150,000 to ***$65,000***. *In Design v. K-Mart Apparel Corp.*, No. 87 CIV. 8397 (AGS), 1996 WL 4122, at *6 (S.D.N.Y. Jan. 3, 1996); *see also Greenwich Films*, 1996 WL 502336, at *2 (awarding $10,000 in fees to a plaintiff who obtained a $70,000 damages award).

The *Greenwich Films* case is also instructive because there, as here, the plaintiff had turned down a pre-trial settlement offer that was a significant proportion (there 43%) of the damages award it ultimately obtained. *See* 1996 WL 502336, at *2 (noting that the plaintiff had rejected a settlement offer of $30,000 and ultimately received approximately $70,000 in damages). Here, Plaintiff rejected an early settlement offer from Wiley, made well before trial,

on May 24, 2011.[5]  The difference between that early offer by Wiley and the jury's ultimate award of $130,750 cannot come close to justifying the more than $500,000 in fees and costs incurred by Psihoyos' counsel after Wiley's settlement offer.  As in *Greenwich Films*, "it is clear that the result achieved does not justify a substantial award."  *Id.*

The plaintiff chastises Wiley for rejecting his pre-trial settlement demands even though his position required Wiley to pay for four photographs that were later deemed non-actionable as a matter of law.  The law is clear that such conduct cannot serve as the basis for an attorney's fee award, especially where myriad other factors, including the limited degree of plaintiff's success, do not support such an award:  "Copyright defendants with strong legal or factual defenses should not be deterred from litigation by the possibility that their refusal to settle an invalid claim will be held against them after they prevail."  *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 75 (1st Cir. 1998), quoted with approval in *Matthew Bender*, 240 F.3d at 125.

In the context of Psihoyos' limited success in this case, it is important to bear in mind that vast portions of his counsel's reported time relate to work that was unsuccessful.  Thus, for example, nearly 80 hours of attorney time is listed for the plaintiff's motion for a preliminary injunction.  *See* Def.'s Ex. 1, filed herewith.  Another nearly 90 hours of attorney time is listed for Psihoyos' opposition to Wiley's summary judgment motion, which resulted in the dismissal of fully half the plaintiff's case.  *See id.*  Another 22 hours of attorney time is listed for the entirely unsuccessful motion for reconsideration of the summary judgment ruling.  *See id.*  And

---

[5] *See* Confidential Supplemental Declaration of Ashima Aggarwal ¶¶ 11, 13, filed under seal as Doc #94.  Ms. Aggarwal's confidential supplemental declaration has been filed under seal because it contains details of the parties' confidential offers and positions taken during the confidential Settlement Conference in this case.

finally, an indeterminate amount of attorney time[6] is listed for the plaintiff's opposition to

Wiley's successful motion *in limine.  See id.*

In addition to this time spent on unsuccessful efforts, and for which no recovery should

be permitted, Psihoyos also may not recover for the ten hours of time that is listed as having

been spent on drafting a motion that was never filed, that is, Psihoyos' putative motion to strike

Wiley's affirmative defenses.  *See Divane v. Mitchell Security Sys., Inc.*, No. 07 C 0567, 2008

WL 938381, at *2 (N.D. Ill. Apr. 7, 2008); *Pascuiti v. N.Y. Yankees*, 108 F. Supp. 2d 258, 268

(S.D.N.Y. 2000).  Nor may Psihoyos recover for the nine hours of time listed for drafting the

revised First Amended Complaint after the Court's summary judgment ruling, in light of Judge

Rakoff's finding in his order on the motion for reconsideration that the plaintiff had failed to

comply with the Court's order regarding that amended pleading.  *See Marisol A. ex rel. Forbes*

*v. Giuliani*, 111 F. Supp. 2d 381, 394 (S.D.N.Y. 2000) (denying fees based on party's failure to

comply with court instructions).

**B.     The Hourly Rates Requested By Plaintiffs' Counsel Are**
**        Grossly Excessive And Not Based On The Market**

In determining the amount of a prevailing party's fee award under 17 U.S.C. § 505, the

Court must focus on setting "a reasonable hourly rate, taking account of all case-specific

variables."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d

110, 117 (2d Cir. 2007), *amended on other grounds*, 522 F.3d 182 (2d Cir. 2008)[7]; *see also*

---

[6] Because of the plaintiff's improper practice of block-billing time entries, it is impossible to isolate the amount of time spent preparing the plaintiff's response to Wiley's motion *in limine.  See* Def.'s Ex. 1.

[7] Among the factors that *Arbor Hill* counsels the district court to consider are:

the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively . . ., the timing demands of the case, whether the attorney had an interest . . . in achieving the ends of the litigation or

*Continued on following page . . . .:*

*Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).  "The presumptively reasonable fee boils down to 'what a reasonable paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons*, 575 F.3d at 174 (quoting *Arbor Hill*, 493 F.3d at 112, 118); *see also Antonmarchi v. Consol. Edison Co. of N.Y., Inc.*, No. 03-cv-7735, 2012 WL 3126004, at *2 (S.D.N.Y. Jul. 21, 2012) ("a reasonable hourly rate is the ***minimum*** rate a paying client would be willing to pay to litigate the case effectively." (emphasis added)).

To determine the "reasonable" hourly rate, courts should consider ***the prevailing market rates*** for attorneys of similar expertise providing comparable services in that same legal market. *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998); *Farbotko v. Clinton Cnty. of N.Y.*, 433, F.3d 204, 209 (2d Cir. 2005) ("the equation in the caselaw of a 'reasonable hourly fee' with the 'prevailing market rate' contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel.").

Here, the plaintiff has offered no competent evidence to demonstrate that the requested hourly rates for his counsel – $600/hour for Danial A. Nelson, and $500 for Kevin P. McCulloch – are consistent with prevailing market rates in this district for attorneys of similar expertise providing comparable services.  *See Rozell*, 576 F. Supp. 2d at 544 ("[T]he burden is on the fee applicant to produce satisfactory evidence—***in addition to the attorneys' own affidavits*** – that the requested rates are in line with those prevailing in the community for similar services by

---

*Continued from previous page . . . . :*

> initiated the representation himself, whether the attorney was initially acting pro bono . . ., and other returns (such as reputation, etc.) the attorney expected from the representation.

*Arbor Hill*, 493 F.3d at 112.  The Second Circuit has also counseled district courts to consider the twelve " Johnson factors" enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).  *See Arbor Hill*, 493 F.3d at 114 n. 3 (listing the twelve factors).

lawyers of comparable skill, experience and reputation." (emphasis added) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984))); *Farbotko*, 433 F.3d at 208-09 (same).[8]

Rather, Psihoyos' counsel assert, in a tellingly conclusory fashion, without any evidentiary support, that "[t]hese rates are commensurate with our relative litigation experience, firm location, and nature of the work involved." Mot. at 14-15. Thereafter, the Motion cites two cases from this Court approving of rates of $530/hour and $600/hour for "senior partner[s]," *id.* at 15, and asks this Court to ***assume*** that Plaintiffs' counsel, too, are "senior partners" who are "of comparable skill, experience and reputation" as those to which they have pointed this Court. They could hardly be more dissimilar from those "senior partners."

In *Antonmarchi*, the "senior partner" whose $530/hour rate was deemed reasonable was a labor law specialist with "more than thirty years of legal experience." 2012 WL 3126004, at *2. Indeed, the additional hourly rate that Con Edison sought, and this Court deemed reasonable, for a lawyer with "more than ***fifteen*** years of legal experience" in that same case was **$400/hour**. *Id.* In *Rozell*, 576 F. Supp. 2d at 544, the "senior partner[s]" whose $600/hour rates were deemed reasonable, were (1) Kathleen Peratis, who had practiced law for more than thirty years, and who had "succeeded Justice Ruth Bader Ginsburg" at the ACLU, *id.* at 545, and (2) Lewis Steel, who had practiced civil rights law for more than forty years. *Id.*

Here, in sharp contrast, Mr. McCulloch is a May 2005 law school graduate, currently in his sixth year of practice; in most major New York IP law firms, he would be a mid-level

---

[8] The fact that Psihoyos' counsel have been approved by this Court to serve as class counsel in *Wu v. Pearson Education, Inc.*, 277 F.R.D. 255 (S.D.N.Y. 2011) says absolutely nothing about the reasonableness of the hourly rates they are seeking in this litigation. Moreover, the plaintiff has presented ***absolutely no evidence*** to support the contention made on the record by Mr. Nelson – when he presented the plaintiff's initial oral motion for attorney's fees on August 1, 2012 – in which he asserted that his and his colleague's hourly rates have been approved by this Court. (Mr. Nelson stated, "The rates have been approved by this Court in another case.") Indeed, there is no record that Mr. Nelson's requested hourly rate has ever been approved by any court, let alone this one.

associate, still several years away from becoming a *junior* (non-equity) partner, much less a "senior partner." Mr. Nelson is currently in his twelfth year of practice, also far from being considered a seasoned "senior partner" among IP lawyers in the Southern District of New York. *See Marchisotto v. City of N.Y.*, No. 05-cv-2699, 2009 WL 2229695 at *7 (S.D.N.Y. July 27, 2009) (finding $400/hour a reasonable rate for a copyright attorney with twelve years of experience); *Van Der Zee v. Greenidge*, No. 03 Civ. 8659 (RLE), 2006 WL 44020, *4 (S.D.N.Y. Jan.6, 2006) (finding attorneys' fees based on rates between $150 and $350 per hour to be reasonable for copyright infringement case); *see also Poparic v. European Music and Video Store*, No. CV 08-2081(KAM)(JO), 2009 WL 6318212, at *9 (E.D.N.Y. Dec. 16, 2009) (considering fee application of copyright lawyer with 12 years of practice: "I see no reason why a paying client would agree to pay an hourly rate of $425 for the kind of work at issue here, particularly where other specialists performing the same kind of work who regularly practice in this district charge significantly less").

The Declaration of William Dunnegan ("Dunnegan Decl.") submitted herewith, further shows that the plaintiff's counsel have not met their evidentiary burden (nor *can* they), of demonstrating that the hourly rates they have requested are consistent with the prevailing market rates for copyright lawyers with their experience, skill and reputation in this judicial district. Mr. Dunnegan, a 1980 graduate of Columbia Law School (where he was a Harlan Fiske Stone Scholar), has been practicing in this field and geographic region for more than thirty years; despite this far greater experience than Psihoyos' counsel, Mr. Dunnegan commands an hourly rate of $425. *See* Dunnegan Decl., ¶¶ 4-6. Based on his extensive experience and familiarity with the legal community of copyright holders seeking legal representation to enforce copyright through litigation, Mr. Dunnegan concludes that the rates requested by Mr. Nelson and

Mr. McCullough are "well above the prevailing market rates for such services in New York City"; furthermore, Mr. Dunnegan is "not aware of any copyright owner who would willingly pay $600.hour or $500/hour for lawyers of the experience level of Psihoyos' counsel for a copyright enforcement case in New York City." *Id.* ¶¶ 8, 9.

Further evidence of the unrealistic and unreasonably high hourly rates requested by Psihoyos' counsel is demonstrated by the Declaration of Autumn Witt Boyd, Esq. that was filed in another copyright infringement case against Wiley. *See* Aggarwal Decl., ¶ 3 and Ex. A. Ms. Boyd's declaration establishes that her billing rate is $275/hour. This rate is for an eighth-year associate in the copyright plaintiff's firm Harmon & Seidman.[9] *See* Aggarwal Decl., ¶ 4 and Ex. B (printout from Harmon & Seidman website). Notably, Ms. Boyd graduated from Vanderbilt Law School one year ***prior to*** Mr. McCulloch's graduation.

In light of the foregoing, the hourly rates requested by Psihoyos' counsel are grossly excessive. The plaintiff's request should be reduced to account for the prevailing hourly rate.

## C.    The Billing Statements Submitted By Plaintiff's Counsel Are Woefully Inadequate

Courts require specificity in billing entries in order to award fees, and to determine a reasonable award. *See Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F. Supp. 2d 307, 313 (S.D.N.Y. 2009) (specificity is required to allow courts "to determine whether a reasonable amount of time was spent on each activity, and to determine whether the particular activity is compensable."). Where vague billing entries exist, courts regularly reduce fee awards. *See Margel v. E.G.L. Gem Lab Ltd.*, No. 04-CV-1514, 2009 WL 302069, at *6 (S.D.N.Y. Feb. 6,

---

[9] The Harmon & Seidman firm has litigated numerous cases in this judicial district on behalf of copyright holders like the Plaintiff here. *See, e.g., Maisel v. McDougal Littell*, No. 06-cv-00765-LMM; *Semerdjian v. McDougal Littell*, No. 1:07-cv-07496-LMM; *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 1:09-cv-02669-LAP; *Photoworkshop.com, Inc. v. Maisel*, No. 1:09-cv-05307-DC.

2009) ("Where time entries are justified in principle but vague in detail, courts frequently employ a reduction of 20% in order to eliminate waste that may be hidden in the entries."). Moreover, "block-billed" time entries are similarly improper because they "ha[ve] a tendency to obfuscate the amount of time expended on distinct tasks and introduces an element of vagueness into a fee application, making it difficult to determine if the reported hours are duplicative or unnecessary." *Miroglio*, 629 F. Supp. 2d at 313 (quotation omitted).

In addition, where billed hours are excessive and/or contain redundant time entries, "[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA–ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006); *Guardians Ass'n of Police Dep't of N.Y. v. City of New York*, 133 Fed. App'x 785, 786 (2d Cir. 2005) (holding that the Court "may apply a reasonable percentage reduction as a practical shortcut to do so" and applying an 80% reduction to fee request in light of duplicated effort on attorneys' time logs); *see also Antonmarchi*, 2012 WL 3126004, at *3 (S.D.N.Y. Jul. 21, 2012) (applying an 80% reduction).

Here, the ***endemic double-billing*** by Psihoyos' two attorneys ***for virtually every task*** they performed, and the ubiquitous block-billed time entries indicate a level of excess and/or waste that should be taken into account in calculating the quantum of fees. For example, the plaintiff's time entries in Exhibit 10 to the McCulloch Declaration show nearly 90 hours of double-billed time, and more than another 25 additional hours of block-billed time. *See* Def.'s Ex. 1. In addition, plaintiff's counsel's time entries reflect an egregious lack of billing judgment in the degree to which paralegal functions are billed at the rates for so-called senior partners, such as for example, billing the task of serving deposition notices on opposing counsel at $600/hour, and the task of preparing a document inventory of discovery materials at $500/hour. *See id.*

**D.     Most Items Of Costs Sought by the Plaintiff Are Not Recoverable**

In addition to his attorneys' time, Psihoyos also seeks a recovery of more than $44,000 in what he claims are his "full litigation costs."  *See* Mot. at 16; McCulloch Decl. Ex. 11.  However, the vast majority of the items specified in Exhibit 11 to the McCulloch Declaration are simply not recoverable as costs under Local Civil Rule 54.1(c).  The following summary itemizes the charges for which no recovery is permitted:

- Westlaw research charges:  **$28,634.91**

  Not recoverable under *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) ("[C]omputer research is merely a substitute for an attorney's time that is compensable under an application for attorney's fees and is not a separately taxable cost."); *Fink v. City of N.Y.*, 154 F. Supp. 2d 403, 415 (E.D.N.Y. 2001) (denying recovery for Westlaw costs); *Scanlon*, 23 F. Supp. 2d at 418 (LEXIS research "duplicative and hence, not recoverable").

- Travel by out-of-town counsel to attend court:  **$1,274.98**

  Not recoverable under *Simmons v. N.Y. City Transit Auth.*, No. CV-02-1575 (CPS)(RLM), 2008 WL 630060, at *7 (E.D.N.Y. Mar. 5, 2008) ("While the Court recognizes plaintiff's right to retain counsel of her own choice, she has failed to explain the need for out-of-state counsel when presumably, a local attorney with similar trial experience could be located."); *see also Cartier Int'l B.V. v. Gorski*, No. 3:0CV 01948(PCD), 2003 WL 25739624, at *3, 5 (D. Conn. Apr. 30, 2003) (denying an award of travel expenses because plaintiff chose out-of-town counsel); *Zampino v. Supermarkets Gen. Corp.*, No. CIV. A. 90-7234, 1994 WL

470338, at *3 (E.D. Pa. Aug. 31, 1994) (denying travel expenses because

defendant should not pay for "choice of distant counsel").

- Hotel and taxi charges by plaintiff during trial:  **$5,852.35**

   Not recoverable under Local Civil Rule 54.1(c)(3) ("No party to the action may

   receive witness fees, travel expenses, or subsistence."); *AMC Film Holdings LLC*

   *v. Rosenberg*, No. 03-CV-3835(DRH)(ARL), 2006 WL 2827860, at *6 (E.D.N.Y.

   Sept. 29, 2006) (same).

- Deposition transcripts not used at trial or summary judgment:  **2,857.86** (transcripts of

   depositions of Jennifer MacMillan, Kaye Pace, and Jane Berlin in third-party cases,

   and deposition of plaintiff by Wiley)

   Not recoverable under Local Civil Rule 54.1(c)(2) ("Costs for depositions taken

   solely for discovery are not taxable."); *DiBella v. Hopkins*, 407 F. Supp. 2d 537,

   540 (S.D.N.Y. 2005) (affirming clerk's deduction of depositions not used at trial).

- Deposition fees apart from the original transcript:  **$2,225.63** (videographer fee and

   room rental for deposition of Hilary Newman)

   Not recoverable under Local Civil Rule 54.1(c)(2) (authorizing recovery only for

   "the original transcript of a deposition, plus one copy"); *Internet Law Library,*

   *Inc. v. Southridge Capital Mgmt. LLC*, No. 01 Civ. 6600, 2010 U.S. Dist. LEXIS

   83798, at *27-28 n. 6 (S.D.N.Y. Aug. 9, 2010) (denying videographer costs where

   "the videotape expenses submitted by [defendant] are duplicative, in that a

   transcript was also provided for the same deposition"); *Ginsberg v. Valhalla*

   *Anesthesia Assocs., P.C.*, No. 96 Civ. 6462, 1998 WL 19997, at *4 (S.D.N.Y. Jan.

   20, 1998) (denying videotaping costs).

- Hearing transcripts not used at trial:  **$214.56**

  Not recoverable under Local Civil Rule 54.1(c)(1) ("The cost of a transcript of

  Court proceedings prior to or subsequent to trial is taxable only when authorized

  in advance or ordered by the Court.")

**Total unrecoverable items:  $41,069.29**

In light of the foregoing, the total costs that are properly recoverable by plaintiff in this

case are no more than $3,093.83.

### CONCLUSION

For the reasons set forth above, Wiley asks the Court to deny the Psihoyos' request for

attorneys' fees and costs and to enter an order stating that, pursuant to the Court's exercise of its

discretion, the plaintiff is not entitled to recover any fees or costs.  In the alternative, if the Court

is inclined to award the plaintiff any fees or costs, the Court should enter an award that is but a

small fraction (e.g. one tenth) of the award he has requested.

Dated:   New York, New York          Respectfully submitted,
         August 27, 2012

                                     LEVINE SULLIVAN KOCH & SCHULZ, LLP

                                       *s/ Christopher P. Beall*
                                     Christopher P. Beall (CB4590)
                                     321 West 44th Street, Suite 510
                                     New York, NY 10036
                                     (212) 850-6100
                                     (212) 850-6299 (Fax)

                                     Ashima Aggarwal (AA-1444)
                                     JOHN WILEY & SONS, INC.
                                     111 River Street
                                     Hoboken, NJ 07030
                                     (201) 748-6446

                                     *Attorneys for Defendant John Wiley & Sons, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this <u> 27th </u> day of <u> August </u>, <u>2012</u>, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**, with its attached exhibits, as well as the separately filed **DECLARATION OF ASHIMA AGGARWAL**, with its attached exhibits, the **DECLARATION OF WILLIAM DUNNEGAN**, were all filed with the Court through the CM/ECF electronic filing system, which will automatically serve electronic notice of the same on the counsel of record, and that by separate email transmission, a copy of and the **CONFIDENTIAL SUPPLEMENTAL DECLARATION OF ASHIMA AGGARWAL**, which was filed under seal, will also be served on the counsel of record listed below:

          Danial A. Nelson, Esq.
          Kevin P. McCulloch, Esq.
          NELSON & McCULLOCH LLP
          The Chrysler Building
          405 Lexington Ave., 26th Floor
          New York, N.Y 10174
          (646) 704-4900
          Email – dnelson@nelsonmcculloch.com;
          kmcculloch@nelsonmcculloch.com

          *Counsel for Plaintiff Louis Psihoyos*

           *s/ Christopher P. Beall*