UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                        :

LOUIS PSIHOYOS,                       :

                   Plaintiff,     :
                                      :        11 Civ. 1416 (JPO)
          -against-            :
                                      :        MEMORANDUM AND
JOHN WILEY & SONS, INC.,        :        ORDER

                 Defendant.  :
                                      :
--------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       On July 24, 2012, this Court commenced a jury trial concerning alleged copyright infringement by John Wiley & Sons ("Defendant") as a result of its publication of four of the photographs of photographer Louis Psihoyos ("Plaintiff"). After hearing the evidence and deliberating for two days, the jury reached a unanimous verdict, finding no infringement as to one photograph, non-willful infringement as to a second photograph, and willful infringement as to the remaining two photographs. With respect to the latter two photographs, the jury awarded Plaintiff $100,000 against Defendant for exceeding the print run limitation for one of Plaintiff's photos (the "Triceratops" photo), and $30,000 for publishing without permission the other (the "Oviraptor" photo).

       Defendant now brings a Motion for Remittitur, or in the alternative, for a New Trial ("Motion for Remittitur"). In its motion, Defendant contends that (1) Plaintiff presented insufficient evidence of willful infringement at trial, (2) the jury erroneously awarded statutory damages not rationally related to Plaintiff's actual loss, (3) the jury misunderstood the law

regarding profits to be considered in calculating statutory damages, (4) the jury's award lacked a rational deterrent purpose, and (5) the award shocks the conscience.

For the reasons explained below, Defendant's Motion for Remittitur is denied.

## I. Discussion

Conditional remittitur "is the process by which a court compels a plaintiff to choose between reduction of an excessive verdict and a new trial." *Shu-Tao Lin v. McDonnell Douglas Corp.*, 742 F.2d 45, 49 (2d Cir. 1984). As "an invasion of the jury's prerogative and the right of the plaintiff to its determination," remittitur "can be justified only in limited situations." *Donovan v. Penn Shipping Co., Inc.*, 536 F.2d 536, 539 (2d Cir. 1976); *see also Akermanis v. Sea-Land Serv., Inc.,* 688 F.2d 898, 902 (2d Cir.1982) (explaining that remittitur is "a limited exception to the sanctity of jury fact-finding"). Indeed, whenever a court contemplates encroaching on the role of the jury, it should recall that the jury trial is central to the democratic system envisioned by our Founding Fathers. As John Adams once colorfully noted, trial by jury is a key "indemnification against being ridden like horses, fleeced like sheep, worked like cattle, and fed and clothed like swine and hounds." THE REVOLUTIONARY WRITINGS OF JOHN ADAMS 55 (C. Bradley Thompson ed., 2000).

Thus, "a district court should remit the jury's award only to the maximum amount that would be upheld by the district court as not excessive." *Earl v. Bouchard Transp. Co., Inc.*, 917 F.2d 1320, 1330 (2d Cir. 1990); *see also Mendez v. Starwood Hotels & Resorts Worldwide, Inc.*, 746 F. Supp. 2d 575, 600 (S.D.N.Y. 2010) (citing *Dagnello v. Long Island R.R. Co.,* 289 F.2d 797, 806 (2nd Cir.1961)) ("While it is properly within the province of the jury to calculate damages, there is 'an upper limit, and whether that has been surpassed is not a question of fact with respect to which reasonable [persons] may differ, but a question of law.'") The burden of

showing the need for remittitur falls squarely on the defendant. *See TVT Records v. Island Def Jam Music Group*, 279 F. Supp. 2d 413, 458 (S.D.N.Y. 2003), *rev'd on other grounds*, 412 F.3d 82 (2d Cir. 2005).

The Second Circuit has enumerated "two distinct kinds of cases" in which conditional remittitur is permissible: "(1) where the court can identify an error that caused the jury to include in the verdict a quantifiable amount that should be stricken . . . and (2) more generally, where the award is 'intrinsically excessive' . . . although the surplus cannot be ascribed to a particular, quantifiable error." *Tao Lin*, 742 F.2d at 49. Defendant alleges that the verdict in this case falls into both categories.

### A. Jury Error

#### 1. Evidence Establishing Willfulness

At the outset, Defendant contends that Plaintiff's evidence at trial did not establish willfulness with regard to Defendant's unauthorized use of the Triceratops and Oviraptor photos, and that the jury's findings of willful infringement are therefore erroneous.[1]

In order for a plaintiff to receive heightened damages under 17 U.S.C. § 504(c)(2), she must show that the infringing party acted "willfully." Willfulness "need not be proven directly but may be inferred from the defendant's conduct." *N.A.S. Import. Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir. 1992). A plaintiff can prove that an infringement was "willful" under the Copyright Act by demonstrating that the defendant acted with "reckless disregard" for, or willful blindness to, the plaintiff's rights. *See, e.g. Lipton v. Nature Co.*, 71 F.3d 464, 472 (2d Cir. 1995); *see also Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d

---

[1] Defendant also argued at the summary judgment stage that Plaintiff could not establish willfulness, and Judge Rakoff rejected this argument. *See Psihoyos v. John Wiley & Sons, Inc.*, 11 CV 1416 (JSR), 2011 WL 4916299, at *5 (Oct. 14, 2011).

1110, 1115 (2d Cir. 1986) (explaining that a party acts willfully if it has "actual or constructive knowledge" that its actions constitute infringement).

The evidence presented at trial was sufficient to support a finding of Defendant's willful blindness and/or reckless disregard.  For instance, Plaintiff presented an array of evidence indicating that Defendant made no effort to curb its infringement after becoming aware that Plaintiff's photographs had been used without license or that books had been printed exceeding Defendant's license.  (*See, e.g,* Trial Tr. at 703:3-12.)  Moreover, Defendant's own witnesses admitted that the company's inventory department lacked a license compliance program during the relevant time period.  (*Id*. at 828:2-20.)  This, along with Defendant's policy of limiting the permission it requested from licensors to 100,000 units, regardless of projected sales, supports Plaintiff's theory that Defendant systematically and knowingly, or at least recklessly, exceeded its licenses.  The jury also heard evidence that Defendant has violated license agreements with photographers on numerous other occasions (*Id*. at 942:3-944:2), as well as evidence that could be construed as indicating that Defendant may have attempted to cover up its infringements.  (*Id*. at 411:1-415:18; *id.* at 729:10-732:24).

In short, this Court rejects Defendant's contention that the evidence presented at trial establishes nothing "more than mere negligence or mistake" as a matter of law.  (*See* Dkt. No. 99 ("Def.'s Mem.") at 7 (quoting *Tiffany (NJ)*, *Inc*. v. *eBay, Inc.* 576 F. Supp. 2d 463, 515 (S.D.N.Y. 2008)), or "[b]ureaucratic ineptitude." (*Id*. at 7 (quoting *Martin v. City of Indianapolis*, 192 F.3d 608, 614 (7th Cir. 1999).)  Rather, the jury's determination that Defendant acted willfully is supported by the evidence.

## 2. Erroneous Award of Statutory Damages

Defendant next argues that conditional remittitur or a new trial should be granted because "the jury's statutory awards bear no relation whatever to actual damages." (Dkt. No. 106 ("Def.'s Reply") at 6).

At the outset, the Court rejects Defendant's contention that statutory damages must, or even should, be calculated "as an arithmetic multiple of defendant's actual damages." (Def.'s Mem. at 10.) The Second Circuit has explained that "statutory damages are not meant to be merely compensatory or restitutionary," meaning that, assuming a "jury's sustainable finding of willfulness," a verdict should not be reversed solely because it "bears little relationship" to the plaintiff's actual damages. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113 (2d Cir. 2001). As the Eighth Circuit has recently noted in *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 909-10 (8th Cir. 2012) (internal quotation marks and citations omitted)—squarely reversing a district court decision, 799 F.Supp.2d 999 (D. Minn. 2011), relied upon by Defendant (*see* Def's Mem. at 10)—"[t]he protection of copyright is a vindication of the public interest . . . and statutory damages are by definition a substitute for unproven and unprovable damages." It therefore "makes no sense to consider the disparity between actual harm and an award of statutory damages when statutory damages are designed precisely for instances where actual harm is difficult or impossible to calculate." *Id*. at 908-09 (internal quotation marks and citations omitted).[2]

Instead, courts in this circuit determine the appropriate amount of statutory damages by examining the following factors:

---

[2] Moreover, Defendant's assertion that Plaintiff received "*more than four hundred times*" and "*more than two hundred times*" the value of Triceratops and Oviraptor, respectively, is dubious. (Def.'s Mem. at 1.) Defendant bases this calculation on the original licensing fees of the two photographs. However, this ignores substantial evidence that allowed the jury to arrive at different amounts of actual damages. (*See generally* Dkt. No. 104 ("Pls.' Opp'n") at 17-20) (laying out several theories that would alter the damages calculation proffered by Defendant).)

>(1) "the expenses saved and the profits reaped," (2) "the revenues lost by the plaintiff," (3) "the value of the copyright," (4) "the deterrent effect on others besides the defendant," (5) "whether the defendant's conduct was innocent or willful," (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced," and (7) "the potential for discouraging the defendant."

*Manno v. Tennessee Prod. Ctr., Inc.*, 657 F. Supp. 2d 425, 433 (S.D.N.Y. 2009) (quoting *Fitzgerald Publ'g*, 807 F.2d at 1117).  Several of the above listed factors may well explain the magnitude (such as it is) of the jury's award.  As explained *supra*, evidence in the record supports a finding that Defendant's conduct was willful.  Plaintiff also demonstrated that Defendant garnered substantial profits from its textbook sales.  The jury also may have seen itself as deterring "others besides the defendant" as well as "discouraging the defendant" itself.  Indeed, given both the evidence presented to the jury that Defendant continued to distribute copies of infringing textbooks even after discovering that infringement had occurred, as well as the evidence indicating that Defendant is a repeat infringer, the jury's determination as to the amount of statutory damages for willful infringement was not erroneous.

### 3. Erroneous Calculation of Damages

Defendant next asserts that the discrepancy between the jury's two awards—$100,000 for one photograph, $30,000 for the other—indicates that the jury miscalculated the appropriate statutory damages.  More specifically, Defendant argues that, because the jury awarded a higher award for the photograph in the profitable book than for the photograph in the unprofitable book, "the jury necessarily mistook the significance that a defendant's attributable profits may be given in a statutory damages assessment."  (Def.'s Mem. at 12.)

The problem with Defendant's reasoning is that no one—with the exception of the jurors themselves—can say definitively why the jury assigned the damages it did, and Defendant's assumption that the sole reason for the difference between the awards is the difference in the

6

textbooks' profitability is baseless.  *See United States v. Farina*, 184 F.2d 18, 21 (2d Cir. 1950) (Franks, J., dissenting) ("What influences juries, courts seldom know").  The infringements of the two photographs were different in nature, and the nature of the evidence of willfulness relating to each form of infringement differed.  Therefore, Defendant's erroneous calculation argument lacks merit.

### 4. Erroneously Imposed Excessive Deterrence

Defendant also argues that the jury erred by excessively punishing Defendant.  It is well established that the purpose of statutory damages is not only compensatory and restitutionary, but also to "discourage wrongful conduct."  *Yurman Design, Inc*, 262 F.3d at 114 (quoting *N.A.S. Import Corp.*, 968 F.2d at 252); *accord Los Angeles News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) ("awards of statutory damages serve both compensatory and punitive purposes").  Defendant claims, however, that the award in this case cannot possibly be calibrated to deter, as Defendant proved to the jury that it has changed its practices.

What Defendant fails to note, however, is that the jury heard evidence suggesting that Defendant had willfully committed numerous infringements, had failed to adopt copyright compliance policies, and had continued to distribute copies of Plaintiff's images even after determining that it was infringing.  Assuming that the jury's award was based in part on the goal of deterrence (although it is possible, of course, that it was based principally on the other factors) an inclination on the part of the jury to impose a penalty to deter similar conduct in the future is not erroneous, notwithstanding  the company's revised policies, given the evidence of reckless conduct in the past.  And indeed, considering the fact that Defendant is a "$300 million a year division of a $1.7 billion company" (*see* Trial Tr. at 925:7-11), the deterrent effect of a $130,000 damages award hardly seems excessive, and may not even be sufficient to "hurt the offender's

pocketbook enough for [it] to take notice." *SESAC, Inc. v. WPNT, Inc.*, 327 F. Supp. 2d 531, 532 (W.D.Pa. 2003); s*ee also RCA Records v. All-Fast Sys., Inc.*, No. 84 CV 631 (CSH), 1985 WL 3059, at *1 (S.D.N.Y. Oct. 9, 1985) ("[t]he degree to which an award of statutory damages 'smarts' the offender depends, in part, upon the offender's size and ability to absorb economic punishment"); *UMG Recordings, Inc v. MP3.com, Inc.*, No. 00 CV 472 (JSR), 2000 WL 1262568, at *6 (S.D.N.Y. Sept. 6, 2000) (noting that "the defendant's size and financial assets are highly relevant to arriving at the appropriate level of statutory damages").  Finally, the jury may well have been attempting, quite appropriately, to deter the infringements of other publishers as well as the conduct of Defendant.  *See Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 519 F. Supp. 730, 733 (S.D.N.Y. 1981) (explaining that statutory damages may be used to "provide a deterrent for would-be infringers").

Therefore, to the extent that the jury's award was intended in part to deter and punish Defendant, this Court finds the award neither erroneous nor excessive.

### B. Excessive Award Shocking the Conscience

Finally, Defendant asks this Court to find the jury's award so excessive as to shock the conscience.  Even where a court finds no discernible error in a jury award, it is permitted to set aside that award if it is "so high as to shock the judicial conscience and constitute a denial of justice."  *O'Neil v. Krzeminski*, 839 F.2d 9, 13 (2d Cir. 1988) (quoting *Zarcone v. Perry*, 572 F.2d 52, 56 (2d Cir. 1978)).  This, however, is a "narrow standard of review."  *O'Neil*, 839 F.2d at 13.

As is indicated *supra*, this Court finds that the jury's award is supported by the record and is consonant with the spirit and the letter of the Copyright Act.  The award, which is roughly

half the size permitted under 17 U.S.C. § 504(c)(2), is neither shocking nor excessive; there is thus no basis for disturbing the jury's verdict on these grounds.

## II. Conclusion

For the foregoing reasons, Defendant's Motion for Remittitur or a New Trial is DENIED. The Clerk of the Court is directed to close the motion at docket number 98.

SO ORDERED.

Dated: New York, New York
November 7, 2012

_____
J. PAUL OETKEN
United States District Judge