UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
          :
LOUIS PSIHOYOS,          :
          :
          Plaintiff,   :
          :      11 Civ. 1416 (JPO)
      -against-      :
          :      MEMORANDUM
JOHN WILEY & SONS, INC.,      :      AND ORDER
          :
          Defendant.:
          :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

On July 24, 2012, this Court commenced a jury trial concerning alleged copyright infringement by John Wiley & Sons ("Defendant") as a result of its publication of four of the photographs of photographer Louis Psihoyos ("Plaintiff"). After hearing the evidence and deliberating for two days, the jury reached a unanimous verdict, finding no infringement as to one photograph, non-willful infringement as to a second photograph (with an award of $750), and willful infringement as to the remaining two photographs (with awards of $30,000 and $100,000). Shortly thereafter, Defendant moved for remittitur, or in the alternative, a new trial. On November 7, 2012, the Court denied that motion. (Dkt. No. 114 ("the Opinion").) On January 24, 2013, the Court entered a judgment in the amount of $130,750.00 against Defendant. (Dkt. No. 124.)

Before the Court at present is Plaintiff's motion for attorney's fees and costs.[1] For the reasons set forth below, the motion is denied.

---

[1] Plaintiff moved for attorney's fees on August 6, 2012. (Dkt. No. 90 ("Pl.'s Mem.")). On August 27, 2012, Defendant opposed. (Dkt. No. 95 ("Def.'s Opp'n.").) Plaintiff replied on September 6, 2012. (Dkt. No. 101 ("Pl.'s Rep.").)

1

I.  **Attorney's Fees**

  A.  **Standard for Awarding Fees**

Pursuant to 17 U.S.C. § 505, a trial court "in its discretion may" award costs to either party, which may include an "award [of] a reasonable attorney's fee to the prevailing party." The Supreme Court has emphasized, however, that "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534; *accord Medforms, Inc. v Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 117 (2d Cir. 1989) (explaining that attorney's fees "are available to prevailing parties under . . . the Copyright Act but are not automatic").

In determining whether it is appropriate to award fees and costs to a prevailing party, a court must determine whether doing so would "vindicate underlying statutory policies." *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1127 (2d Cir. 1989). There is "no precise rule or formula" for making this determination; rather, a court must exercise its "equitable discretion," balancing a variety factors, including "frivolousness, motivation, objective unreasonableness (both in factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534, 534 n. 19 (citation omitted).

  B.  **The Prevailing Party**

The preliminary question is whether Psihoyos has "prevailed" under 17 U.S.C. § 505. If not, he cannot receive attorney's fees under the Copyright Act.

Courts use a "generous formulation" to determine whether a party crosses "the statutory threshold . . . . A typical formulation is that plaintiffs may be considered

2

'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal quotation marks and citation omitted). Where "[v]iewed in the light of the litigation as a whole," neither party's "success was sufficiently significant," no attorney's fees should be awarded. *Warner Bros. Inc.*, 877 F.2d at 1126; *see also Texas State Teachers Ass'n v. Gardland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) ("Where the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*, a district court would be justified" in finding that the plaintiff was not a prevailing party); *ARP Films, Inc. v. Marvel Entm't Grp.*, 952 F.2s 643, 651 (2d Cir. 1991) (holding that a trial court was "well within its discretion" to deny attorney's fees where the litigation had a "mixed outcome"). In conducting this analysis, a court may take into account, *inter alia*, the size of the award, to the extent it reflects the plaintiff's success in making his case. *Accord Warner Bros., Inc.*, 877 F.2d at 1126 (finding that Warner Brothers did not prevail in part because its "efforts to prove that the [defendants] were willful infringers so as to justify a substantial award of statutory damages were unsuccessful").

As Defendant notes, Psihoyos initially sought to recover statutory damages on a total of eight photographs.[2] Claims as to four photos survived summary judgment. (Dkt. No. 47.) On the four photos that went to trial, the jury found no infringement as to one photograph, non-willful infringement as to a second photograph, and willful infringement as to the remaining two photographs.

---

[2] It is worth noting that Plaintiff has proffered a fair argument that "this case initially only involved six claims for unjust enrichment . . . ." (Pl.'s Rep. at 3.)

Defendant contends that "the outcome of this case fits squarely within the category of a proceeding where neither side should be regarded as the prevailing party because both sides prevailed on substantial aspects of the case." (Def.'s Opp'n. at 6.) While Defendant is correct that Plaintiff's victory in this litigation was not total, this does not mean that Plaintiff did not prevail.  Defendant stipulated to infringement with respect to two of the four photos at issue, but the jury did find that the infringement was willful with respect to those two, awarding $30,000 and $100,000 in statutory damages.  The jury also found non-willful infringement as to a third photograph, although it awarded damages at the very low end of the statutory damages range ($750).  Although this result was mixed, in light of Plaintiff's partial success and the sizable verdict achieved, Plaintiff was the "prevailing party" for purposes of section 505.

### C.    The *Fogerty* Factors

Even where a party is "prevailing," however, courts should not necessarily award attorney's fees.  Rather, the Supreme Court has set forth a nonexclusive list of factors that courts should consider when determining whether a court, in its discretion, should award fees in copyright cases.  "These factors include 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Fogerty*, 510 U.S. at 534, 534 n. 19 (citation omitted).

#### 1.    Objective Unreasonableness

The Second Circuit has instructed district courts to pay particular attention to whether the party from whom attorney's fees are sought has acted objectively unreasonably during the litigation.  *See Matthew Bender & Co., Inc. v. West Publ'g Co.*,

4

240 F.3d 116, 122 (2d Cir. 2001) (noting that objective reasonableness is "a factor that should be given substantial weight in determining whether an award of attorneys fees is warranted").  Indeed, because "[t]his emphasis on objective reasonableness is firmly rooted in *Fogerty*'s admonition that any factor a court considers in deciding whether to award attorney's fees must be 'faithful to the purposes of the Copyright Act . . . the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright act." *Id.* (citation omitted); *accord Russian Entertainment Wholesale, Inc. v. Close-Up Int'l, Inc.*, 482 Fed.Appx. 602, 607 (2d Cir. 2012) (affirming a district court's decision not to grant statutory fees where the district court relied solely on the question of the defendant's objective unreasonableness).  At the same time, where there is no finding of objective unreasonableness, the award of fees is not "necessarily preclude[d] . . . . In an appropriate case, the presence of other factors might justify an award of fees despite a finding that the nonprevailing party's position was objectively reasonable." *Matthew Bender & Co., Inc.*, 240 F.3d at 123 (citation omitted).

Of course, "an unsuccessful claim does not necessarily equate with an objectively unreasonable claim." *Ann Howard Designs, L.P. v. Southern Frills, Inc.*, 7 F. Supp. 2d 388, 390 (S.D.N.Y. 1998); *CK Co. v. Burger King Corp.*, No. 92 civ. 1488 (CSH), 1995 WL 29488, at *1 (S.D.N.Y. Jan. 26, 1995) (explaining that "not all unsuccessful litigated claims are objectively unreasonable").  To the contrary, "the courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." *Silberstein v. Fox Entm't Grp., Inc.*, 536 F. Supp. 2d 440, 444 (S.D.N.Y. 2008) (quoting

5

*Penguin Books U.S.A. Inc. v. New Christian Church of Full Endeavor, Ltd.,* No. 96 Civ. 4126 (RWS), 2004 WL 728878, at *3 (S.D.N.Y. Apr. 6, 2004)); *see also CK*, 1995 WL 29488, at *1 ("The infirmity of the claim, while falling short of branding it as frivolous or harassing, must nonetheless be pronounced."). A party's good faith decision to litigate complex or undecided issues of law is not objectively unreasonable. *See, e.g.*, *Bourne Co. v. Walt Disney Co.*, No. 91 Civ. 0344, 1994 WL 263482, at *2 (S.D.N.Y. June 10, 1994) ("Among the factors that may justify the denial of fees to a prevailing plaintiff is the presence of a complex or novel issue of law that the defendants litigate vigorously and in good faith." (internal quotation marks and citation omitted).

Plaintiff asserts that Defendant acted unreasonably by arguing in its motion for summary judgment and at trial that Defendant obtained an implied license from Science Faction to publish "Fossilized Dinosaur Tracks," as well as by asking the jury to find that Defendant had not acted willfully in infringing on Plaintiff's photographs. As explained above, however, Defendant's arguments were not unreasonable simply because they were unsuccessful.

Defendant raised legitimate issues of fact to the jury at trial. There are a number of salient factors in this case that make it different from many copyright cases, and that go to the issue of objective reasonableness.

First, this was essentially a recklessness case rather than an intentional infringement case. While the jury found "willful" infringement as to two of the four photos, the jury instructions permitted willfulness to be found on the basis of reckless conduct alone, consistent with the law. There was extensive evidence at trial about Defendant's lack of effective internal procedures for ensuring that permissions were

6

obtained for particular uses of copyrighted photographs (procedures that have since been improved).  It is this evidence that likely served as the basis for the jury's finding of willfulness with respect to the two works as to which Defendant conceded infringement—which was itself a straightforward and reasonable concession on Defendant's part.  In addition, there was evidence at trial that Defendant assumed, based on past practice, that photographers' agents would provide permissions after the fact in those situations where the proper licensing paperwork had not been obtained.  This was not a case involving brazen, intentional copying of an unrelated third party's copyrighted works.  Rather, it arose in the context of a complex three-party framework in which Plaintiff and his agent had generally authorized the use of his works (as stock photographs), subject to a certain payment structure—but where Defendant had failed to obtain permission (and therefore a license) for particular uses.  Indeed, in a case such as this, where the line between recklessness and negligence is such a thin one, it would have been unreasonable for Defendant *not* to make the arguments it made to the jury.

Second, it is a relevant fact that the amount of license fees that Plaintiff charged for each use of the stock photos at issue here was relatively small:  less than $200.  In light of that fact, it would not have been unreasonable for the jury to have awarded statutory damages at the low end of the permissible range ($750), as it did for one of the works on which it found infringement.

Finally, given the novelty of certain of the legal issues involved, the arguments that Defendant made in support of its motion for summary judgment were not unreasonable.

Accordingly, Defendant did not act unreasonably in this litigation. Moreover, a determination that Defendant acted unreasonably here could courts deter "[c]opyright defendants with strong legal or factual defenses" from litigating their claims "by the possibility that their refusal to settle an invalid claim will be held against them after they prevail," *Lotus Development Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 75 (1st Cir. 1998), an outcome that would not promote the purposes of the Copyright Act. *Accord Matthew Bendor & Co., Inc.*, 240 F.3d at 126 (reversing an award of attorney's fees where "[t]he District Court's award essentially punishes West for availing itself of a right provided by the Federal Rules, namely, moving to dismiss the plaintiff's complaint. To allow fees on this basis would be to deter the exercise of rights afforded to litigants in federal court"). Thus, the Court concludes that Defendant acted objectively reasonably in litigating the case in the manner it did.[3]

### 2. Defendant's Conduct

If the "conduct" of the party opposing attorney's fees has been "unreasonable, a district court has the discretion to award fees." *Matthew Bender & Co., Inc.*, 240 F.3d at 122. "However, an 'award [that] essentially punishes [a party] for availing itself of a right provided by the Federal Rules' is an abuse of discretion, since '[t]o allow fees on this basis would be to deter the exercise of rights afforded to litigants in federal court.'" *Canal+ Image UK Ltd. V. Lutvak*, 792 F. Supp. 2d 675, 681 (S.D.N.Y. 2011) (quoting *Matthew Bender & Co., Inc.*, 240 F.3d at 126 (alteration in original)).

---

[3] Plaintiff also argues that Defendant's settlement position was objectively unreasonable. (Pl.'s Mem. at 11-12.) The available evidence concerning those negotiations, however, does not support Plaintiff's assertion.

8

In this case, Plaintiff argues that discovery abuses by Defendant constitute the type of unreasonable conduct that merits a fee award. Contrary to Plaintiff's assertions, however, there is little, if any, evidence supporting the notion that Defendant's conduct was "unreasonable" during the course of this litigation. It would therefore be inappropriate to award fees pursuant to this factor.

### 3.     Compensation and Deterrence

Fees may also be awarded if there is a "need . . . to advance considerations of compensation and deterrence." *Matthew Bender & Co., Inc.*, 240 F.3d at 122 (quoting *Fogerty*, 510 U.S. at 534, n.19). Indeed, "[c]onsiderations of deterrence may support an award of attorney's fees to the prevailing party where none of the other relevant factors justify denying such an award, especially when willful infringement has been found." *Nat'l Football League v. PrimeTime 24 Joint Venture*, 131 F. Supp. 2d 458, 484 (S.D.N.Y. 2001); *see also Chloe v. Zarafshan*, No. 06 Civ. 3140, 2009 WL 2956827 at *7 (S.D.N.Y. Sept. 15, 2009) ("Deliberate and willful infringement can render a case 'exceptional' and thus support an award of attorney's fees."); *Peer Int'l Corp. v. Luna Records, Inc.*, 887 F. Supp. 560, 570 (S.D.N.Y. 1995) (Sotomayor, J.) ("In this case, where I have made a finding of willful infringement, which infringement continued for months after the initiation of this action, and where defendants apparently need to be deterred from future infringement, I find that an award of attorneys' fees is warranted.").

This Court has already made clear its view that it was "quite appropriate[]" for the jury "to deter the infringements of other publishers as well as the conduct of Defendant." *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416 (JPO), 2012 WL 5506121, at *4 (S.D.N.Y. Nov. 7, 2012). But it does not follow that there is any need to *further* deter

9

Defendant's behavior. For the same reasons noted above with respect to objective unreasonableness, the Court has concluded that the compensation and deterrence purposes underlying the Copyright Act are adequately served by the jury's award in this case.[4]

### III.    Conclusion

For the foregoing reasons, Plaintiff's motion for an award of attorney's fees is DENIED.[5]

The Clerk of the Court is directed to close the motion at Docket Number 90.

SO ORDERED.

Dated:  New York, New York
        March 29, 2013

J. PAUL OETKEN
United States District Judge

---

[4] In concluding that the jury's award was not excessive and denying remittitur, the Court noted in passing that "the deterrent effect of a $130,000 damages award hardly seems excessive, and may not even be sufficient . . . ." *Id.* at *4. Upon consideration and further evaluation of the record, the Court has determined that the jury's verdict sufficiently deters future misconduct.

[5] Plaintiff has also requested that the Judgment be amended to include an award of prejudgment interest. Defendant opposes that request. Whether the Copyright Act provides for awards of prejudgment interest is apparently an open question in the Second Circuit. *See Barclays Capital Inc. v. Theflyonthewall.com*, 700 F. Supp. 310, 329 (S.D.N.Y. 2010), *rev'd in part on other grounds*, 650 F.3d 876 (2d Cir. 2011). For the reasons discussed in this opinion, the Court declines to award prejudgment interest.