UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
LOUIS PSIHOYOS,                                              :
:
                  Plaintiff,              :
:    11 Civ. 1416 (JPO)
        -against-                                  :
:    ORDER
JOHN WILEY & SONS, INC.,                                     :
:
                  Defendant.              :
:
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

    Plaintiff Louis Psihoyos moves for reconsideration of this Court's order dated March 29, 2013, denying his motion for attorney's fees and costs ("the Order").[1]  For the reasons set forth below, Plaintiff's motion is denied.

## I.    Background

    On July 24, 2012, this Court began a jury trial concerning alleged copyright infringement by Defendant John Wiley & Sons as a result of its publication of four of Plaintiff's photographs. The jury reached a unanimous verdict, finding no infringement as to one photograph, non-willful infringement as to a second photograph, and willful infringement as to the remaining two photographs.  Thereafter, Defendant moved for remittitur, or in the alternative, a new trial.  On November 7, 2012, the Court denied that motion.  On January 24, 2013, the Court entered a judgment in the amount of $130,750.00 against Defendant.

    On August 6, 2012, Plaintiff moved for attorney's fees and costs.  That motion was denied on March 29, 2013.  On April 8, 2013, Plaintiff moved for reconsideration under Local

---

[1] Familiarity with the Order is assumed.  *See Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416 (JPO), 2013 WL 1285153 (S.D.N.Y. Mar. 29, 2013).

Rule 6.3. (Dkt. No. 149.) Defendant opposed on April 25, 2013. (Dkt. No. 150.) Plaintiff replied on May 2, 2013. (Dkt. No. 151.)

## II. Discussion

### A. Legal Standard for Reconsideration

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc*., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quotation marks and citation omitted). Accordingly, "[t]he threshold for prevailing on a motion for reconsideration is high." *Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict."). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Cioce v. Cnty. of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (internal quotation marks and citation omitted)). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).

B.       Application

Plaintiff offers no new facts or controlling precedent that compels this Court to reconsider its position.  Rather, Plaintiff argues that in its Order, this Court overlooked important evidence militating in favor of an award of fees, including: (1) evidence of Defendant's willfulness; (2) evidence that the jury's verdict is not adequate to achieve the objectives of the Copyright Act; and (3) evidence that Defendant suggested to the jury during trial that Plaintiff may be entitled to attorney's fees.  Plaintiff argued all of these points, at length, in his briefs in support of his initial motion for fees and costs (*see* Dkt. No. 90 at 4-5, 6-8, 12-13; Dkt. No. 101 at 6-8), and this Court considered, and rejected, those arguments at that time.[2]

Plaintiff also argues that this Court failed to adequately consider whether Plaintiff should be awarded non-fee costs.  Again, Plaintiff's application for costs already was considered and rejected.  Moreover, as Defendant notes, the majority of the costs requested by Plaintiff are prohibited by Local Rule 54.1(c), as well as the case law in this Circuit.

In sum, rather than pointing to controlling decisions or newly available evidence, Plaintiff has simply rehashed arguments it has already made and that this Court has already rejected.  This constitutes an insufficient ground for reconsideration.  *Dellefave*, 2001 WL 286771, at *1.  As this Court explained in its prior Order, the awarding of attorney's fees and costs pursuant to 17 U.S.C. § 505 is a matter within the discretion of the trial court.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).  While Plaintiff has made known his disagreement with the Court's Order, it has failed to point to any clear error mandating reconsideration.  *See R.F.M.A.S., Inc. v. Mimi*

---

[2] Plaintiff also contends that the Order was "confounding" given a prior statement by this Court that an award of $130,000 may not be sufficient to deter Wiley's conduct.  But the Court explained in the Order that, "[u]pon consideration and further evaluation of the record, the Court has determined that the jury's verdict sufficiently deters future misconduct."  (Order at 10 n.4.).  The Court's reevaluation of the deterrent value of a jury award is far from the type of "manifest injustice" that merits reconsideration.

*So.*, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009) ("A party's fundamental disagreement with a court's legal analysis and conclusions as to a matter fully considered does not serve as sufficient ground to warrant reconsideration of the court's decision.").

### III.     Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of the Court is directed to terminate the motion at Docket Number 148 and to close this case.

SO ORDERED.

Dated:  New York, New York
        August 19, 2013

_____
J. PAUL OETKEN
United States District Judge